CHRISTOPHER LIVELY, EX'R, *vs.* LEWIS BALLARD.

## January Term, 1868.

1. It is no cause for demurrer that a declaration contains matter applicable to both trespass and trespass on the case.

2. A party cannot justify himself for committing acts of trespass by the orders of the authorities of a State, acting even in pursuance of the laws thereof, when the State is engaged in warfare and rebellion against the government and laws of the United States.

3. It is not sufficient to aver in a plea that the defendant was not executor at the time the suit was brought. In order to make a good plea of *ne unques executor* it must be averred that the defendant never was executor of the last will and testament of the deceased, and that he never administered any of the goods and chattels which were of the deceased at the time of his death, as executor of the last will of the deceased.

4. It is not error in the circuit court to reject a plea of the statute of limitations and not guilty jointly pleaded in an action of trespass, the latter having been previously entered and the court permitting the former to be entered separately in lieu of the double plea.

5. It is not error for the circuit court to require jurors to declare upon oath their qualifications as to loyalty, according to the act of the legislature passed November 4, 1863, section 5; the act not being unconstitutional.

6. Where a bill of exceptions taken to the instructions of the court below does not set forth sufficient matter to show whether the instructions were correct or not, the presumption must be that they were correct.

*Lewis Ballard* instituted an action of trespass on the case in the circuit court of *Monroe* county, on the 10th day of January, 1866, against *Christopher Lively*, surviving executor of *Joseph Lively*. The declaration was filed at the April rules following. It contained some of the characteristics of both trespass and case. In substance, it alleged that the defendant's testator procured and caused certain persons to the

*Absent from illness.

plaintiff unknown, with force and arms, to break and enter his dwelling house, on the 21st day of July, 1861, and take therefrom large quantities of goods, merchandize, jewelry, &c., whereby the plaintiff and his family were greatly annoyed and disturbed, and he was hindered from transacting his business, to his damage in the sum of 10,000 dollars.

At the same rules, when the declaration was filed, the defendant appeared and pleaded the general issue of not guilty. A trial was had at the September term, 1866, when the jury found for the plaintiff on the issues joined and assessed his damage at 2,979 dollars and 70 cents, and the court entered judgment for that sum. There were seven bills of exception taken by the defendant during the trial. No. 1 was taken because, after the cause had been called for trial, the defendant asked permission to demur generally to the declaration, and tendered three special pleas; which permission was refused by the court, on the ground, as to the demurrer, that the issue had been made up in the cause, and at the previous term of court it had been continued on such issue, and the court saw no reason for permitting it to be filed. The pleas were as follows: No. 1 contained what is known as the plea of belligerent rights; No. 2 set up as defense that the charge with a purpose to "imprison, harass, oppress, and injure," charged upon the defendant's testator, was not committed within one year before the institution of the suit, and that of the other charges in the declaration he was not guilty; No. 3 alleged that at the time of instituting the suit the defendant, *Christopher Lively*, was not executor of the last will and testament of *Joseph Lively*, deceased. To the refusal of the court to permit the defendant to enter the demurrer and file these pleas, the defendant excepted, which composed bill No. 1. Whilst the court was overruling plea No. 2, he informed the defendant's counsel that he might then plead the statute of limitations, if he thought proper, which he did, and the plaintiff replied generally. Bill of exceptions No. 2 was taken because the court refused to continue the case, on its being stated by the attorney for the defendant that if the case was continued until the next term

he could produce certain testimony that would prove that a certain colonel in the army of the so-called Confederate States had ordered and directed the trespasses and grievance complained of by the plaintiff, and that he would embody this statement in the form of an affidavit, if necessary. Bill of exceptions No. 3 was taken because the court required the jury to take the oath prescribed by the act of November 4th, 1863, that they had not voluntarily borne arms, &c. Bill of exceptions No. 4 stated that on the trial a clerk of the plaintiff had been introduced as a witness, who gave it as his opinion that the goods alleged to have been taken from the plaintiff's store, were worth, according to the current prices of goods in the neighborhood at that time, 2,800 dollars, he having previously stated that the prime cost of the goods was 1,600 dollars; the defendant objected to the opinion of the witness going to the jury as evidence, but the court overruled the objection and the defendant excepted. Bill of exceptions No. 5 stated that the defendant offered in evidence what purported to be the books of the commissioner of the revenue for the county of *Monroe* for the year 1861, and which purported to be examined and certified by *G. W. Hutchinson*, as clerk of the county court, on the 1st day of June, 1861, and certified by *Samuel Gwin, Jr.*, on the 11th day of June, 1861, as commissioner of the revenue; to the introduction of which as evidence the plaintiff objected and the court sustained it, upon the ground that both of the officers purporting to certify the books were at that time officers of a court and county in rebellion against the United States; whereupon the defendant excepted.

Bill of exceptions No. 6 was taken by the defendant because the court sustained a motion of the plaintiff to reject so much of a deposition of one *G. W. Pugh*, offered by the defendant, as related to a conversation between a *Colonel Heath* and the witness. The substance of the conversation, which was had on the morning of the 21st day of July, 1861, was that the witness had been inquired of by *Heath* whether a certain road would lead by the plaintiff's house, and whether the latter had not a good stock of goods on

Jan'y Term,        Lively, Ex'r, *vs.* Ballard.        1868.

hands; and that *Heath* remarked that it would be difficult for him to keep his boys off him. The bill of exceptions No. 7 stated that, "after the argument had been closed on both sides in the cause, the court in its instructions to the jury amongst other things, instructed them that the proper statutory limitations to the right of action in this case was five years, and further instructed them that whether the said limitations was five years or only one year, in computing the time of the running of the statute, the jury ought to exclude from the computation the period of time from the 17th day of April, 1861, to the 1st day of March, 1865. To which instruction of the court the defendant, by his counsel, excepted."

A part of the verdict of the jury was in the following language: "We, the jury, find that the plaintiff's demand in the declaration is not barred by the statute of limitations; and we further find, &c.," the amount of damages assessed before named.

A supersedeas was granted by a member of this court in vacation.

*Lamb & Paull* for plaintiff in error.
*Stanton & Allison* for defendant in error.

MAXWELL, J. The first cause of error assigned is that the court refused to allow the demurrer to be filed to the declaration after the plea of not guilty, pleaded. There can be no error in this because the declaration, though very informally drawn, is substantially good, and the demurrer, if filed, must have been overruled. *Parsons* vs. *Hooper*, 16 Gratt., 64; *Hood* vs. *Maxwell*, 1 West Virginia Rep., 219, and *Beckwith* vs. *Mollohan*, decided by this court, the present term.

The second cause of error assigned is that the court erred in refusing to allow the defendant to file his plea, No. 1. This was not error because the matters set up in the plea were not sufficient to bar the plaintiff from recovery. *Hood* vs. *Maxwell*, 1 West Virginia Rep., 219. It is claimed that

plea No. 3 was good, and, therefore, there was error not to allow it to be filed. I think this plea not good in substance, and that there was no error in refusing to allow it to be filed. The defendant can only be charged in the writ and declaration as executor generally, for there is no other form whether he be rightful or wrongful executor. *Prince* vs. *Rowson,* 1 Modern Rep., 208. Therefore, a good plea of *ne unques* executor must aver that the defendant never was executor of the last will and testament of the deceased, and that he never administered any of the goods and chattels which were of the deceased at the time of his death, as executor of the last will and testament of the deceased. 3 Chitty's Pleadings, 941, and note. The plea offered merely avers that at the time the suit was instituted against the defendant he was not executor of the last will and testament of the deceased. There was no error in refusing permission to file the defendant's special plea No. 2, because the plea of not guilty had been entered before the tendering of plea No. 2, which was double, being the plea of not guilty, and the statute of limitations. The defendant was allowed to plead the statute of limitations in place of his plea No. 2. There was no error in refusing to continue the case on the facts stated in the defendant's bill of exceptions No 2, on account of the absence of the witness Heath, because no diligence had been used to take his deposition, or to procure his attendance.

There was no error in requiring the jury called to try the case, to take the oath prescribed in the act of 1863 for jurors, because the act is not unconstitutional as claimed by the plaintiff in error.

There was no error in refusing to allow the books of the commissioners of the revenue for 1861 to go in evidence to the jury, if for no other reason because they do not appear to have been relevant to the questions before the jury.

There was no error in excluding the deposition of the witness Pugh to prove the declarations of Heath, because it does not appear that they were so connected with the case as to constitute part of the *res gestæ.* It cannot be seen

Jan'y Term,          Lively, Ex'r, *vs.* Ballard.          1868.

from bill of exceptions No. 7 whether the instructions given by the court to the jury at the instance of the defendant below were correct or not, but as the contrary does not appear, they must be presumed to be correct.

The judgment appealed from will have to be affirmed with damages and costs to the defendant in error.

The President concurred.

JUDGMENT AFFIRMED.