# CHARLESTON

## GALIZIAN v. HENRY.

Submitted February 6, 1912. Decided November 12, 1912.

1. MALICIOUS PROSECUTION—*Declaration*—*Termination of Prosecution.*

   In a count in a declaration for malicious prosecution, finality of the prosecution is sufficiently charged by an allegation of release of the plaintiff and cessation of the prosecution of the complaint and desertion and abandonment thereof and termination of the same. (p. 292).

2. FALSE IMPRISONMENT—*Declaration*—*Allegation as to Venue.*

   In a count for false imprisonment, it suffices, as to venue, to say the trespass occurred in a certain building in a certain town in the county, specifically naming the places. (p. 293).

3. ACTION—*Joinder of Causes.*

   Counts for malicious prosecution and false imprisonment may be joined in a declaration in trespass on the case (p. 293).

4. APPEAL AND ERROR—*Review*—*Conflicting Evidence.*

   A verdict founded upon conflicting oral evidence will not be disturbed in the absence of controling facts, admitted or established. (p. 294).

Error to Circuit Court, McDowell County.

Action by Tudor Galizian against William Henry. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*Strother, Taylor & Flanagan* and *M. S. Taylor,* for defendant in error.

POFFENBARGER, JUDGE:

Galizian recovered a judgment against Henry for $500.00 for malicious prosecution and false imprisonment.

Failure of the first count of the declaration to allege completion and termination of the prosecution is the ground of the

demurrer thereto; but, as it says the defendant had released the plaintiff and not further prosecuted his complaint and had deserted and abandoned it and prosecution of the same had ended, we think finality is substantially averred. To hold otherwise would be extremely technical.

As ground of demurrer to the second count, failure to allege the venue is charged, but it says the trespass was committed at the defendant's saloon, situate and being in the County of McDowell, in the town of Keystone in said county. Though informal, this, in our opinion, suffices.

Nor is there a misjoinder of counts rendering the declaration bad as a whole. By statute trespass on the case lies in any case proper for trespass *vi et armis* at common law, and these two causes of action grow out of the same transaction, involving substantially the same evidence. Hence joinder thereof is clearly allowable. *Beckwith* v. *Mollohan,* 2 W. Va. 477; *Lively* v. *Ballard,* 2 W. Va. 496; *Parsons* v. *Harper,* 16 Grat. 64; *Page* v. *Banking Co.,* 78 Am. St. Rep. 145.

Plaintiff's instruction No. 1, submitting the question of liability upon the hypothesis of an arrest without a warrant, at the instance of the defendant, and in the absence of justification, agreeable to the theory of the second count of the declaration, supported by evidence, was properly given. It was inapplicable to the case stated in the first count, averring an arrest under a warrant, without probable cause, but the other count claimed liability for false imprisonment, a case made out by an arrest without a warrant, or under a void warrant, without justification. An action lies against a private person by whose direction or procurement such an arrest is made by a public officer. *Gillingham* v. *O. R. R. Co.,* 35 W. Va. 588; *McKain* v. *B. & O. R. Co.,* 65 W. Va. 233; *Moore* v. *Chapman,* 3 H. & M. 260; 19 Cyc. 329-331-332. Claiming a debt from the plaintiff, the defendant directed and procured his arrest, without a warrant, it is said, to prevent him from leaving the state to avoid payment. The proceeding had for its purpose only collection of a debt, not punishment for a criminal offense. Hence we think the evidence justified the giving of the instruction.

Defendant's instruction No. 1, binding the jury to find for the defendant, if, in their opinion, he honestly believed the

plaintiff owed him a debt and had reasonable ground for belief that the latter, being a resident of the state, was about to depart and reside outside thereof without having paid the debt, and saying the swearing out of a warrant for his arrest was justified by such facts, if found, was properly refused, because it wholly ignored the theory of liability for the arrest without a warrant. Its purpose was to obtain a verdict on justification of the acts complained of in the first count, however well founded the charge made in the second might be.

Galizian denied in his testimony any indebtedness to Henry at the time of his arrest, saying he had paid all he owed to Henry's agent, George Bostic. Henry's ledger indicates an indebtedness of $58.75. Galizian paid $74.00 to obtain his release from the jail. Henry claims the difference was collected to cover the costs of the proceeding before the mayor, acting as a justice, and the expense of sending a man to Galizian's friends, who brought him the money. Galizian says Henry, after a controversy in his saloon as to whether Galizian owed anything, "stepped out on the street and called a constable" who took him to jail. He says nothing about a warrant, but his language implies an arrest without one. Henry says he procured a warrant from the mayor of the town and McFarland, the officer, says he made the arrest under such a warrant, and endorsed a return thereon. To excuse its non-production in evidence McFarland says it has been lost and could not be found by a search for it in the mayor's office, made by him and the mayor, but the latter was not called as a witness. We think it fully justifies the conclusions above stated, respecting the instructions.

As to the treatment of Galizian by Henry and his employes, after he was let out of jail, on his promise to pay, there is conflict in the evidence. He swears he was not allowed to leave the saloon and was constantly under guard and menaced with one or more pistols. On the contrary, Henry and his bar keeper say he was treated kindly and allowed to go about the premises as he pleased. He also stoutly denies having declared intention to leave the county, as well as indebtedness. On all this conflicting evidence, dependent upon the credibility of the witnesses, we have the verdict of the jury. Assuming the arrest to have been made under a warrant, there is conflict as to

probable cause for it. If Galizian tells the truth there was none and the prosecution was malicious, for he owed nothing and money was extorted from him by cruel treatment. His conduct, however, is not in complete harmony with this theory. His submission to the custody of Henry instead of the jailer was voluntary. He elected to pay rather than resist an unjust demand. Henry's books, memorials of their transactions, not made by him, it is true, but contemporaneous entries nevertheless, contradict his testimony not only as to the state of the account at the time, but also on former occasions. He produces receipts for amounts and dates corresponding to book entries, a circumstance fairly proving partial correctness of the book, and this indicates failure to pay up in full at each pay day. Then again his story as to treatment by Henry, while the messenger was gone after his friends, is improbable. No witness who saw him sitting around the saloon under the menace of naked pistols is produced, and certainly there was no necessity for such an heroic and spectacular performance. We might say these circumstances and contradictions give a decided preponderance of evidence in favor of the defendant, which the jury could not properly ignore, if we could assume they found there was an arrest under process.

But the existence of probable cause for an arrest to collect a debt and malice were wholly immaterial, if the arrest was made without process, and the jury may have so found. No warrant nor complaint was produced, nor any docket entry showing the filing of a complaint or the issuance of a warrant. Nor was the mayor called as a witness or his absence accounted for. We think these circumstances bear heavily against the defendant, under a well settled rule. Presumptively he could have produced decisive evidence on this vital question and failed to do so.

For these reasons, we affirm the judgment.

*Affirmed.*