HARPER v. HARPER.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1918.)

No. 1566.

1. ACTION ⏅48(2)—MISJOINDER OF CAUSES OF ACTION—TRESPASS ON THE CASE—CRIMINAL CONVERSATION AND ALIENATION.

In trespass on the case, two causes of action growing out of substantially the same transactions, and depending upon substantially the same evidence, as for criminal conversation and for alienation of the wife's affections, may be joined.

2. APPEAL AND ERROR ⏅960(1)—BILL OF PARTICULARS—DISCRETION OF COURT.

Discretion of trial judge in refusing to require bill of particulars will not be disturbed, unless inspection of whole record clearly convinces appellate court that refusal resulted in injustice, which is not the case where both counts of the declaration relate to the same matters, and, in the second count, defendant's alleged wrongful acts are detailed.

3. EVIDENCE ⏅317(2)—HEARSAY—CRIMINAL CONVERSATION.

In husband's action for criminal conversation and alienation, testimony of wife's daughters as to their mother's confession of her acts with defendant, made some time after the alleged occurrences, being hearsay evidence, was incompetent.

4. HUSBAND AND WIFE ⏅348—CRIMINAL CONVERSATION AND ALIENATION—EVIDENCE.

In husband's action for criminal conversation, where wife testified to sending telephone message to defendant to meet her, it was competent for husband to testify to contents of message, handed to him by mistake.

5. EVIDENCE ⏅473—SUSPICIONS OF WITNESSES.

In a husband's action for criminal conversation and alienation, suspicions of wife's daughters as to improper relations of their mother and defendant were incompetent.

⏅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR.

In action for criminal conversation and alienation, although suspicions of wife's daughters as to improper relations of their mother and defendant were incompetent, the error of admitting them was immaterial; suspicions being inevitable, if their testimony was true.

7. EVIDENCE ☞178(6)—SECONDARY EVIDENCE—DESTROYED LETTER.

In husband's action for criminal conversation and alienation, where wife testified she took posted letter from her husband's trunk and burned it, and husband testified to finding scraps of letter written to wife by defendant, which he read by pasting together, evidence of the compromising contents was competent.

8. HUSBAND AND WIFE ☞333(5)—ALIENATION AND CRIMINAL CONVERSATION —LIMITING EVIDENCE.

In husband's action for alienation of his wife's affections, limiting testimony as to drunkenness of plaintiff on occasions when his wife was present was a proper exercise of discretion, as to remoteness of the bearing of such testimony on the relations of husband and wife.

9. HUSBAND AND WIFE ☞333(5)—CRIMINAL CONVERSATION AND ALIENATION —EVIDENCE.

In husband's action for alienation of his wife's affections, where plaintiff admitted one assault upon his wife, but denied any other assault, in absence of independent evidence of another assault, plaintiff's plea of guilty to charge of assault on his wife of later date before a justice of the peace was properly rejected, as possibly relating to the prior assault.

10. HUSBAND AND WIFE ☞348—CRIMINAL CONVERSATION—EVIDENCE.

In husband's action for criminal conversation, evidence of sexual intercourse between husband and wife before marriage was inadmissible, as too remote to prove misconduct of the wife with other men after marriage.

11. EVIDENCE ☞147—NEGATIVE EVIDENCE—ALIENATION AND CRIMINAL CONVERSATION.

In husband's action for criminal conversation and alienation, mere negative testimony of neighbor that he observed no impropriety between defendant and plaintiff's wife was properly excluded, as without probative value.

12. WITNESSES ☞405(1)—CONTRADICTION.

In husband's suit for criminal conversation and alienation, where wife said she did not remember of ever telling third person anything as to charges against her, this was a denial upon a material point, making contradiction of her testimony by such third person competent.

13. HUSBAND AND WIFE ☞333(3)—CRIMINAL CONVERSATION AND ALIENATION —EVIDENCE.

In husband's suit for alienation, evidence of expressions by wife of intention to marry another man, also contradiction of wife on that point, was immaterial, where, at the time of the imputed expressions, the alienation had been made final by divorce.

14. EVIDENCE ☞471(17)—BELIEF—ALIENATION AND CRIMINAL CONVERSATION.

In husband's action for alienation and criminal conversation, testimony of defendant's wife that she believed him true to her was properly excluded.

15. APPEAL AND ERROR ☞1047(4)—HARMLESS ERROR—REBUTTAL EVIDENCE— REPETITION.

New trial cannot be granted defendant, because some evidence allowed in rebuttal was repetition, where it is not evident that defendant was prejudiced.

16. LIMITATION OF ACTIONS ☞31—STATUTE OF LIMITATIONS—PERSONAL ACTION NOT SURVIVING.

Under Code W. Va. 1913, c. 104, § 12 (sec. 4425), a personal action, such as a husband's action for criminal conversation and alienation of his wife's affections, which does not survive, is barred in one year.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

17. LIMITATION OF ACTIONS ⬅➡104(1)—STATUTE OF LIMITATIONS—INITIATION OF PERIOD.

General rule is that statute of limitations begins to run from date of injury, and mere lack of knowledge of actionable wrong does not suspend it, nor does silence of wrongdoer, unless he has done something to prevent discovery; even concealment by him will not prevent running of statute, unless there is a good reason for injured person's failure to discover the wrong.

18. LIMITATION OF ACTIONS ⬅➡192(3)—STATUTE OF LIMITATIONS—INITIATION OF PERIOD.

In husband's action for criminal conversation and alienation, where defendant pleaded statute of limitations of one year, to escape application of general rule that statute began to run from date of complete alienation and last act of criminal conversation, it was essential that plaintiff should allege by replication affirmative acts of concealment by defendant, and reasons for his failure to discover wrongs.

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; Alston G. Dayton, Judge.

Action by Charles H. Harper against Joseph William Harper. To review judgment for plaintiff, defendant brings error. Reversed.

F. L. Bushong, of Charlestown, W. Va., and C. N. Campbell, of Martinsburg, W. Va., for plaintiff in error.

Forrest W. Brown, of Charlestown, W. Va., and Herbert S. Larrick, of Winchester, Va. (Ward & Larrick, of Winchester, Va., and Brown & Brown, of Charlestown, W. Va., on the brief), for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. The first count of the declaration of Charles W. Harper against his brother, Joseph W. Harper, alleges criminal conversation with plaintiff's wife, Mary E. Harper, on November 8, 1915, and on other days unknown, resulting in alienation of her affections and depriving plaintiff of the benefits of the marriage relation. The second count alleges alienation of the wife's affections by persuasion and malicious statements concerning the plaintiff, and criminal conversation from July, 1907, to November, 1915, as aggravation of the wrong. The action was commenced on July 18, 1916. Defendant's demurrer having been overruled, and his demand for a bill of particulars denied, the trial resulted in a verdict and judgment in favor of the plaintiff.

[1] There was no error in overruling the demurrer for misjoinder of the causes of action. In trespass on the case, two causes of action growing out of substantially the same transactions and depending on substantially the same evidence may be joined. Galizian v. Henry, 71 W. Va. 292, 76 S. E. 440.

[2] The discretion of a trial judge in refusing to require a bill of particulars will not be disturbed, unless inspection of the whole record clearly convinces the appellate court that the refusal resulted in injustice. That is not the case here. Both counts of the declaration

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

relate to the same transactions, and in the second count is set forth in detail the story of the alleged wrongful acts committed by the defendant, depended on to support both counts.

[3] Evidence was introduced, both direct and circumstantial, tending to prove the alleged criminal conversations continued from time to time, and the separation and divorce of plaintiff and his wife in consequence of it. The defendant, testifying in his own behalf, denied all the acts of wrong attributed to him, and introduced evidence tending to corroborate his denial. An important witness for the plaintiff was his divorced wife, who testified to her sexual intimacy with defendant, his advice to her to obtain a divorce, and his promise to marry her. Her daughters, Edna Harper and Mrs. Lyle, also testified to facts tending to indicate improper relations between the defendant and plaintiff's wife. On the issue thus made, Edna Harper and Mrs. Lyle were allowed to testify to confessions of Mrs. Harper of her acts of sexual intimacy with the defendant, made some time after the alleged occurrences. This was hearsay evidence of a very objectional kind, intended to bolster the direct testimony of plaintiff's witnesses on the vital issue of the case. The confessions imputed did not accompany the acts, and were not associated with them, and were incompetent. Cochran v. Cochran, 196 N. Y. 86, 89 N. E. 470, 24 L. R. A. (N. S.) 160, 17 Ann. Cas. 782; Sanborn v. Gale, 162 Mass. 412, 38 N. E. 710, 26 L. R. A. 864; 13 R. C. L. 1491.

[4] Mrs. Harper testified to sending a telephone message to defendant to meet her in Winchester. It was clearly competent for plaintiff to testify to the contents of this message, handed to him by mistake, because the sending of a message by Mrs. Harper to the defendant was under the circumstances an act of probative value, taken in connection with other evidence.

[5, 6] The suspicions of the daughters of plaintiff as to the improper relations of their mother and the defendant were not competent; but the error of admitting them was immaterial, as suspicions were inevitable, if their testimony was true.

[7] Plaintiff testified to finding scraps of a letter written to his wife by the defendant, which he read by piecing together the scraps. Mrs. Harper having testified that she took the letter from her husband's trunk and burnt it, evidence of the compromising contents was competent. The same rule applies to other letters written by defendant to plaintiff's wife, which she said she had burned.

[8] Limiting testimony as to the drunkenness of the plaintiff on occasions when his wife was present was a proper exercise of discretion as to remoteness of the bearing of such testimony on the relations of husband and wife.

[9] The plaintiff admitted an assault upon his wife in July, 1907, upon finding her and his brother, as he testified, improperly caressing each other; but he denied any other assault. The defendant offered as proof of another assault plaintiff's plea of guilty to the charge of assault on his wife in January, 1908, in response to a charge appearing on the docket of a justice of the peace. In the absence of any independent evidence of another assault, the testimony was properly reject-

ed, on the ground that it may well have related to the assault committed in 1907, or at any time before the charge was made to the justice.

[10] Evidence of sexual intercourse between husband and wife before marriage was properly held to be too remote to prove unchastity of the wife with other men after marriage.

[11] The mere negative testimony of a neighbor that he observed no impropriety between defendant and plaintiff's wife was of no probative value, and was properly excluded.

[12] The testimony of Mrs. Mary E. Harper as it appears in the record contains this question and answer:

"Q. Didn't you tell Mr. Miley that there was nothing to these charges your husband had made against you? A. Did I not? I don't remember of telling Mr. Miley anything."

This we understand was a denial by the witness on a material point, and the contradiction of it by Miley was competent.

[13] Evidence of expressions by Mrs. Harper of an intention to marry one Day was immaterial, as was the contradiction of Mrs. Harper on this point, for the reason that at the time of the imputed expressions the alienation had been made final by the divorce, and therefore a desire to marry Day did not tend to show that such a desire, and not her relations with the defendant, accounted for the separation.

[14] Clearly the testimony of the defendant's wife that she believed him true to her was properly excluded.

[15] It is true that some of the evidence allowed in rebuttal appears to be repetition, but a new trial cannot be granted on that ground, since it is not evident that the defendant was prejudiced.

[16] The statute of West Virginia provides a limitation of one year for commencing personal actions, such as this, that do not survive. Code 1913, c. 104, § 12 (sec. 4425); Porter v. Mack, 50 W. Va. 581, 40 S. E. 459; Kuhn v. Brownfield, 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700. There was evidence tending to prove that the injury charged to the defendant of complete alienation of the wife's affections, resulting in her final determination not to return to her husband, occurred more than a year before the commencement of this action. There was also evidence tending to prove that the last act of criminal conversation imputed to defendant took place more than a year before the commencement of the action.

[17] The general rule is that the statute begins to run from the date of the injury, and mere lack of knowledge of the actionable wrong does not suspend it, nor does silence of the wrongdoer, unless he has done something to prevent discovery of the wrong. Boyd v. Beebe, 64 W. Va. 216, 61 S. E. 304, 17 L. R. A. (N. S.) 660; Merchants' National Bank v. Spates, 41 W. Va. 27, 23 S. E. 681, 56 Am. St. Rep. 828; 17 R. C. L. 193; Bailey v. Glover, 88 U. S. 342, 22 L. Ed. 636; Rosenthal v. Walker, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395. Even concealment by the wrongdoer will not prevent the running of the statute, unless the person injured alleges and proves a good reason for his failure to discover the wrong. "A general allegation of ignorance at one time and of knowledge at another is of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it

was, how it was made, and why it was not made sooner." Hardt v. Heifweyer, 152 U. S. 547, 14 Sup. Ct. 671, 38 L. Ed. 548; Plant v. Humphries, 66 W. Va. 88, 66 S. E. 94, 26 L. R. A. (N. S.) 558; Avery v. Cleary, 132 U. S. 604, 10 Sup. Ct. 220, 33 L. Ed. 469; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807. In Bailey v. Glover, 21 Wall. (88 U. S.) 342, 22 L. Ed. 636, it is said that the same rule applies in law, as in equity.

[18] There is no allegation in the declaration of concealment by the defendant of the wrongs charged against him or of the reason for the failure of the plaintiff to discover them. The defendant having pleaded the statute of limitations, to escape the application of the general rule that the statute began to run from the date of the complete alienation and the last act of criminal conversation, it was essential that plaintiff should allege by replication affirmative acts of concealment of the defendant and the reasons of his failure to discover the wrongs. The plaintiff did not by replication make such allegations, and therefore the defendant was entitled to the following instruction, refused by the court, which expresses the general rule on the subject:

"The court instructs the jury that if they believe from the evidence in this case that no act of sexual intercourse between the defendant and Mrs. Mary E. Harper took place within one year next preceding the institution of this suit, and if they further believe from the evidence that the said J. William Harper did not, at any time during one year next preceding the institution of this suit, alienate or attempt to alienate the affections of Mrs. Mary E. Harper from her husband, and that he did not during said year entice her away, or attempt to entice her away, from her husband, then they shall find for the defendant."

For the errors indicated the judgment is reversed; but the reversal is, of course, without prejudice to the plaintiff's right to apply to the District Court for amendment of his pleadings.

Reversed.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes