VICTORIA WIERSYCKI, as Administratrix of the Estate of GEORGE WIERSYCKI, Deceased, Plaintiff, *v.* PRATT & LETCHWORTH COMPANY, Defendant.

Supreme Court, Orleans County, April 20, 1934.

*William L. Clay*, for the plaintiff.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the defendant.

LYTLE, J. Defendant moves for an order dismissing both causes of action alleged in the complaint on the ground that both of said causes of action are barred and outlawed by the Statute of Limitations.

From the complaint it appears that for a period of sixteen years and until on or about the 27th day of March, 1926, the decedent had been employed by the defendant as a moulder, steel chipper and shake-out man in connection with said work in the factory and foundry maintained and operated by the defendant in the city of Buffalo, N. Y. It is alleged that throughout said period of employment of the decedent by the defendant and while engaged as aforesaid in the factory and foundry, and while in the performance of his duties therein, and due solely to the negligence of the defendant, the decedent was exposed to and forced to breathe rock dust, sand dust, silica dust and other deleterious substances in the form of dust which were present in the atmosphere of said factory and foundry.

It is alleged that solely by reason of the carelessness, fault and negligence of the defendant, as aforesaid, the decedent, on the 6th day of January, 1933, contracted silicosis, respiratory and other diseases, which said diseases disabled the decedent in the month of January, 1933, and forced him to quit work, and that said diseases so contracted did, on the 11th day of January, 1934, cause his death, and were, at that time, a competent producing cause thereof.

For a second cause of action the plaintiff realleges the foregoing allegations and further alleges that by the foregoing affirmative acts of negligence on the part of the defendant, it willfully, knowingly and unlawfully created a common nuisance on said premises where the decedent was exposed to the said dust, and that the death of the decedent was caused solely through the creation and maintenance of such a nuisance.

It appears that this action was commenced on the 15th day of February, 1934. It further appears that the decedent left the defendant's employ on March 27, 1926.

In brief, the first cause of action is one for death resulting from personal injuries by reason of the negligence of the defendant, and the second cause of action is to recover for the death arising from personal injuries resulting from a nuisance. Under the Statute of Limitations and the laws of this State, the first cause of action is barred because the action was not commenced within

three years after the 27th day of March, 1926 (Civ. Prac. Act, § 49, subd. 6), and the second cause of action of nuisance is also barred by the six-year Statute of Limitations, since actionable nuisance obviously terminated when the decedent left the defendant's employ on March 27, 1926, and the action was not commenced by the service of the summons until eight years later, on February 15, 1934.

It is a recognized rule in this State that a cause of action arises when injuries are first inflicted and that a subsequent development of disease arising therefrom does not give rise to a cause of action at the time such subsequent disease is developed or discovered, since it is merely the natural result of that which has already occurred. The alleged injuries must have been inflicted during the decedent's term of employment with the defendant, to wit, prior to March 27, 1926. The cause of action for personal injuries, if any, accrued during said term of employment. (*Taylor* v. *Manhattan Railway Company*, 53 Hun, 305; *Conklin* v. *Draper*, 229 App. Div. 227; affd., 254 N. Y. 620, and cases cited therein.)

Plaintiff contends that upon the trial of this action proof will be offered by medical testimony to the effect that the inhalation of dust, as alleged in the complaint, by the decedent would not set up in the decedent's body any immediate actionable injury or result in any immediate actionable damage; that the presence of said dust and silica particles in the lungs of the decedent did not result in disabling pulmonary fibrosis or become complicated with other attendant and consequent lung disease until the month of January, 1933, a period of time after he had left the employ of the defendant and within three years from the date of his death and within three years from the commencement of this action, and that he expects to prove that silicosis is an insidious fibrotic and progressive disease of the lungs resulting in the destruction and consolidation of lung tissue and causing the introduction of other infective diseases into the lungs.

Plaintiff also contends that upon the trial he will prove that the period of the onset of the said disease varies in different individuals and that in some instances the progression and consequential damage is more rapid than in others, and that in each instance it is a subject of medical proof as to when the damage actually occurred in a given case and when the silicosis and other diseases had their actual inception. Plaintiff, in support of his position, cites *Madison* v. *Wedron Silica Co.* (352 Ill. 60), which case is clearly distinguishable and not applicable to the facts in the case at bar.

In the *Madison* case the court was concerned with defining " The happening of an accidental injury " under the provisions of the

Workmen's Compensation Act of the State of Illinois, and in that instance the court held that the time of "The happening of an accidental injury" in the case of an occupational disease is the time of actual disablement of the employee, "*i. e.*, when the occupational disease puts him in such a condition that he must quit work." It is at that moment that the provisions of the Workmen's Compensation Act of the State of Illinois become operative and the employee becomes entitled to such benefits as said statute prescribes.

The commencement of this action after the decedent's death on January 11, 1934, which was barred by the three-year Statute of Limitations prior to his death, would not revive the action in favor of the decedent's representative, the plaintiff herein. (*Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, 212 N. Y. 207.)

In the second cause of action, for a nuisance, it must also be held that the Statute of Limitations began to run at the time the injuries were sustained, although their results may not have been fully developed. The injuries, if any, by reason of conditions of nuisance which it is alleged existed at the defendant's plant, the decedent must have sustained during his term of employment at the defendant's plant and more than six years have elapsed since the decedent's termination of his contract of employment with the defendant and is, therefore, barred by the Statute of Limitations, section 48, subdivision 3, of the Civil Practice Act.

Inasmuch as both of the causes of action alleged in the complaint are barred by the Statute of Limitations defendant's motion for dismissal of the complaint must be granted.