LEWIS SCOTT *v.* RINEHART & DENNIS COMPANY, *Inc., et al.*

(CC 531)

Submitted May 8, 1935. Decided May 28, 1935.

*J. F. Bouchelle,* for plaintiff.
*Brown, Jackson & Knight, W. L. Lee* and *Dillon, Mahan & White,* for defendants.

HATCHER, JUDGE:

This certification involves the running of the statute of limitations in a common law case where the plaintiff was ignorant of his cause of action.

This action was instituted in October, 1933. The declaration, reduced to most general terms, alleges that plaintiff was employed by the defendant, Rinehart & Dennis Company, in constructing a tunnel through sandrock, from April, 1930, until in September, 1931; that through the negligent operation of his employer, he contracted silicosis while at that work; and that he brought this action immediately after ''he learned or had cause to suspect'' his diseased condition. The

defendants pleaded the statute of limitations. The plaintiff replied specially, alleging that he did not know and could not by the use of reasonable care have ascertained that he had silicosis until three months before bringing his action. The defendants demurred to plaintiff's replication. The circuit court overruled plaintiff's demurrer to the plea of limitations, sustained defendants' demurrer to the replication, and certified here the sufficiency of the several pleadings.

The period within which actions of this character must be brought is "one year next after the right to bring the same shall have accrued, and not after." Code 1931, 55-2-12. *Curry* v. *Mannington,* 23 W. Va. 14; *Kuhn* v. *Brownfield,* 34 W. Va. 252, 12 S. E. 519. This statute has come to us from the mother state, being in the Revised Code of Virginia of 1819, chapter 128, section 4, and the Virginia Codes of 1849 and 1860, chapter 149, section 11. The language of the statute has varied slightly since 1819, but not its meaning. Both the Virginia and the West Virginia courts of last resort have consistently held that the right of action accrues when the wrong is committed, and in the absence of some act of concealment by the wrongdoer, the mere ignorance of the injured party of the actionable wrong will not suspend the statute. *Collis* v. *Waddy,* (1811) 2 Munf. 511; *Rice* v. *White,* (1833) 4 Leigh 474; *Fant* v. *Fant,* (1866) 17 Gratt. 11; *Vanbibber* v. *Beirne,* 6 W. Va. 168; *Bank* v. *Spates,* 41 W. Va. 27, 32-3, 23 S. E. 681, 56 Am. St. Rep. 828; *Thompson* v. *Whitaker Co.,* 41 W. Va. 574, 23 S. E. 795; *Boyd* v. *Beebe,* 64 W. Va. 216, 220-1, 61 S. E. 304, 17 L. R. A. (N. S.) 660; *Barnes* v. *Lilly,* (1931) 110 W. Va. 643, 645, 159 S. E. 873. Accord: *Harper* v. *Harper,* 252 Fed. 39, 43-4, applying the West Virginia statute.

This construction of like statutes was so general in the states as early as 1830, that the Supreme Court of the United States then said: "We hardly feel at liberty to treat (it) as an open question." *Wilcox* v. *Plummer,* 4 Peters 172, 181, 7 L. Ed. 821. In 1841, after explaining that the statute of limitations must naturally receive a strict construction in a court of law, and that the court could introduce no exception to the statute which the legislature had not authorized, the

Supreme Court of Ohio said: "The true inquiry, therefore, at law is, when did the cause of action arise, and not when did knowledge of that fact come to the plaintiff?" The opinion further said that though this construction had been sometimes questioned, the court was "not aware that it had ever been shaken." *Fee* v. *Fee*, 10 Ohio 469, 36 Am. Dec. 103, 106-7. This construction was still unshaken in 1904, the Supreme Court of Georgia stating it was "one of general recognition." *Davis* v. *Boyett*, 120 Ga. 649, 48 S. E. 185, 66 L. R. A. 258, 102 Am. St. Rep. 118, 120 (citing numerous authorities). This construction is yet unchanged. Wood on Limitations, (4th Ed.), sec. 276c (1); 37 C. J., subject Limitation of Actions, sec. 248; 17 R. C. L., *idem* secs. 129 and 130; R. C. L., Permanent Supplement, pp. 4345-6; Annotation (1931), 74 A. L. R. 1318; etc.

This construction has been specifically applied in silicosis cases, the Supreme Court of New York holding: "Cause of action for injuries arises when they are first inflicted, and subsequent development of disease resulting therefrom does not give rise to cause of action." *Wiersycki* v. *Pratt Co.*, (1934) 151 Misc. 207, 271 N. Y. Supp. 36. Accord: *Michalek* v. *U. S. Gypsum Co.*, (1935) 76 F. (2d) 115.

Counsel for plaintiff recognizes this tremendous weight of authority but demands a change in construction under "the rule of reason, the dictates of humanity, the principles of common justice and the development and progress of the law in step with changing conditions." Counsel for defendants respond: "As long as men have worked in mines or fashioned stone it has been a matter of common knowledge that they have suffered from the nature of their labor; occupational diseases have been well recognized as long as we have had occupations; the oldest books mention stone cutters asthma, miners phthisic, grinders phthisic, lead poisoning, tobacco poisoning, and various other ailments consequent upon the occupations of man. Often men have suffered injuries slight and inconsequential apparently in their inception which have resulted seriously and fatally after long lapses of time. No new situation is created here, and there is not presented any occasion for changing the well established rules of law."

The facts pointed out by counsel for defendants must have been known to the first legislative body which formulated the statute and to every succeeding legislature until the present time. For more than a century, legislatures, presumed to know the judicial construction of the statute, have ratified the construction by not amending the statute. That construction became in effect a component part of the statute. 59 C. J., subject Statutes, sec. 613; 25 R. C. L., *idem,* sec. 212; *Douglass* v. *Pike,* 101 U. S. 677, 686, 25 L. Ed. 968. Consequently, our answer to the demand of plaintiff's counsel is that of the Ohio court in *Fee* v. *Fee, supra*—the only answer possible. Any change in the statute as it has been judicially construed is a legislative matter. It would be unwarranted for us at this late day to introduce by construction any innovation not authorized by the legislature.

Therefore both rulings of the circuit court are affirmed.

*Affirmed.*