A. B. BLATT *v.* UNITED ZINC SMELTING CORPORATION *et al.*

(No. 8453)

Submitted September 22, 1936. Decided October 6, 1936.

*Lilly & Lilly, John K. Chase* and *Robert J. Ashworth,* for plaintiff in error.

*Martin Brown* and *Charles E. Carrigan,* for defendants in error.

HATCHER, PRESIDENT:

This writ of error involves the sufficiency of the declaration in a so-called silicosis case, the demurrer to the declaration having been sustained by the circuit court.

The defendants moved on September 1, 1936, to dismiss the writ of error on the ground that the petition had not been presented within eight months from date of judgment as required by Code, 58-5-4. The judgment was entered on October 30, 1935; the order of this court awarding the writ was entered on July 7, 1936, and recites that the petition was presented on that day. The court records show, however, that the petition was in fact presented on June 22, 1936, which was within the statutory period. The order will be corrected accordingly.

The defendants also filed another motion to dismiss, on September 22, 1936 (the day the case was submitted). The ground of this motion is that the supersedeas bond of $100.00 had not been executed. The motion was supported by the affidavit of a deputy circuit clerk dated September 21, 1936, and taken without notice to plaintiff. On September 22, the circuit clerk wrote to the clerk of this court, enclosing an uncertified paper, purporting to be a bond for $100.00 executed by plaintiff in this case on July 28, 1936, and conditioned for the payment of the circuit clerk's fees. His letter stated that the enclosure was a "copy of the bond given in our office July 28, 1936," and that plaintiff's attorney had then said this bond would take the place of the supersedeas bond. A *certified copy* of the bond in question was never forwarded to the clerk of this court as Code, 58-5-13, directs. The supersedeas from this court was returned, however, bearing the certificate of the circuit clerk that the bond had been given, "conditioned as the law directs." That certificate, made in compliance with the legal duty of the circuit clerk, imports a verity. *Yellow Poplar Lumber Co.* v. *Thompson's Heirs,* 108 Va. 612, 62 S. E. 358; 3 Amer. Jur., subject App. and Err., sec. 692. The affidavit of the deputy circuit clerk cannot be considered at all, because taken without the notice required by Rule IX, section 2 of this court. Even with such notice, neither the affidavit nor the letter from the circuit clerk could contradict or impeach his official certificate. "The cer-

tificate authorized by law of the * * * clerk to the * * * return * * * is conclusive as to all matters properly included therein, and may not be impeached by extrinsic matters." 4 C. J., subject App. and Err., sec. 2291.

The motions to dismiss are overruled.

The defendants contend that the declaration shows no causal connection between plaintiff's alleged silicosis and his employment, and no failure of defendants' duty, but does show that plaintiff failed to use ordinary care and that his alleged action is barred by the statute of limitations. In concise terms, the declaration, as amended, alleges that plaintiff was employed as laborer by the defendant corporation from January 1, 1929, to March 15, 1934; that during such employment, the defendant corporation mixed in a closed room, silica sand and other substances in "their dry dusty form" so that they continuously produced and gave off large quantities of dust; that such dust remained continuously suspended in the air where plaintiff was required to work and was continuously inhaled by him, though without immediate traumatic effect; that by the use of water, sprinkling system, fan or other equipment the defendant corporation could have removed the dust, but took no such precaution; that it knew, or in the exercise of ordinary care should have known, the dust was dangerous to plaintiff's health, but failed to warn him of the danger, and he himself was ignorant thereof; that his health and general physical condition all during his employment were good until the year 1934; and that because of continuous exposure to the dust, his physical resistance was weakened and finally, on or about March 15, 1934, he contracted and is now suffering from silicosis.

*Scott* v. *Rinehart & Dennis Co.*, 116 W. Va. 319, 180 S. E. 276 (a silicosis case relied on by defendants), is clearly different from this case. There the action was not brought until nearly two years after Scott ceased work for the company, and we held that his action was barred by Code, 55-2-12, which limits actions of this character to "one year next after the right to bring the same shall have accrued." Here Blatt's action was brought

in the fall of 1934, and within a year from the alleged contraction of the disease. Consequently, we are of opinion that the defendants' strictures on the declaration are not well taken and that under *Jones* v. *Rinehart,* 113 W. Va. 414, 168 S. E. 482 (to which the writer of this opinion dissented) the demurrer should have been overruled.

The judgment of the circuit court is reversed.

*Reversed.*