OPAL WALLACE

*v.*

MAMIE SHAFFER

(No. 12933)

Submitted May 5, 1971.      Decided June 8, 1971.

*Herman D. Rollins,* for appellant.

*Neal A. Kinsolving,* for appellee.

BROWNING, JUDGE:

This is an appeal by Opal Wallace, plaintiff below, from a final order of the Kanawha County Circuit Court entered January 8, 1970, overruling her motion to set aside an order entered December 30, 1969, awarding summary judgment to Mamie Shaffer, defendant below, in an action brought by plaintiff to recover damages for alienation of affections.

On October 4, 1946, Opal Wallace, appellant, was married to Brady Wallace. Sometime in 1967, Mamie Shaffer, appellee, allegedly began making "advances" toward appellant's husband. Thereafter, he apparently began spending time with her at her insistence, and on December 31, 1967, cohabitation between appellant and her husband ceased.

On January 15, 1968, appellant instituted a divorce action against her husband charging adultery with appellee. According to appellant, her husband began visiting her and their five children and discussing the possibility of their moving from Wayne County to Charleston and resuming cohabitation. These discussions went on periodically until it became apparent to appellant that "further negotiations were futile," and on January 6, 1969, she began taking proof in the divorce action. On January 20, 1969, a divorce decree was awarded appellant.

Thereafter, on January 28, 1969, appellant filed this action in the Kanawha County Circuit Court charging appellee with enticing Brady Wallace "to leave and abandon [appellant] and his home." Appellee filed a plea of the statute of limitations and a motion for summary judgment. On October 9, 1969, the court granted appellee's motion with the right of appellant to file an amended complaint.

On October 15, 1969, appellant filed an amended complaint following the original allegations and, in addition, charging that Brady Wallace still had affection for appellant after cohabitation ceased, as evidenced by his

continued visits with appellant to discuss resumption of cohabitation. Appellee filed a plea of res judicata and a motion for summary judgment.

The court held that the amended complaint asserted two causes of action, one being alienation of affections and the other being "a claim for the [appellee's] alleged interference with the [appellant's] attempts at reconciliation . . . ." With respect to the cause of action concerning alienation of affections, the court held that the statute of limitations of one year began to run when cohabitation ceased on December 31, 1967. Since this action was not brought until January 28, 1969, it was barred by the statute of limitations. With regard to the separate cause of action, the court held that this involved occurrences which took place "after the date upon which the original cause of action accrued." Since this was a "new" cause of action being asserted in the amended complaint filed October 15, 1969, and not previously asserted in the original complaint, it was barred by Chapter 101, Acts of the Legislature, 1969 Regular Session, which abolished the causes of action for breach of promise to marry and for alienation of affections. This is now Code, 56-3-2a, as amended, which became effective March 6, 1969, some seven months before the amended complaint was filed.

On December 30, 1969, the court entered an order granting summary judgment for appellee, and, as heretofore stated, entered an order January 8, 1970, denying appellant's motion to set aside. On March 2, 1970, this Court granted an appeal, and on May 5, 1971, the case was submitted for decision upon briefs and oral argument of counsel for both sides.

Appellant assigns as error the court's holding that the case was barred by the statute of limitations; the court's holding that two separate causes of action were alleged in her amended complaint; and the court's entering summary judgment for the appellee.

This case, of course, merely involves two questions of law: (1) Whether the action for alienation of affections

is barred by the one-year statute of limitations; and (2) whether the amended complaint states a "new" cause of action barred by Code, 56-3-2a, as amended.

In order to resolve the first issue, it must be determined when the cause of action arose, as that would establish the time at which the one-year statute of limitations began to run. Unfortunately, there are no previous decisions of this Court in point; however, some other jurisdictions have held, as a general rule, that the statute of limitations begins to run "at the time the loss of affections . . . is sustained." Annot., 173 A.L.R. 750 (1948). In *Harper* v. *Harper,* 252 F. 39 (4th Cir. 1918), the federal court held that the West Virginia one-year statute of limitations in an alienation of affections action begins to run when the alienation is complete.

When was the loss of affections sustained or the alienation complete in this case? The trial court, as previously stated, held that this occurred when cohabitation between appellant and her husband ceased, but this ignores the continuing effort on the part of both thereafter to reconcile their differences. In fact, the husband was apparently the instigator of many, if not all, of the attempts at reconciliation. Could it be said that he no longer had affection for the appellant? We think not. Otherwise, we are at a loss to explain his attempts to effect a reconciliation.

The appellant, in her amended bill of complaint, alleges, in part, that after she brought her suit for divorce against her husband, the "said husband had not lost all the affection which he had for her, the plaintiff. He visited her and the children regularly and took them out in his automobile and took meals with them and discussed with the plaintiff the feasibility of their resuming cohabitation . . . ." She further alleges that "he continued to visit with her regularly and to discuss with her the probability of their resuming marital relations until December, 1968, when he broke off negotiations, for a reconciliation with the plaintiff, whereupon, she, on January 6, 1969, proceeded to take proof in her action for divorce." In addition,

she alleges that "he would have discarded the defendant and resumed cohabitation with the plaintiff had the defendant not incessantly called him when he was visiting the plaintiff and their children and had she not driven to the home on more than one occasion and picked him up in her automobile and carried him back to Charleston." It is further alleged that "had it not been for the aggressiveness of the defendant, the said Brady· Wallace would have abandoned her and remained the husband of the plaintiff."

This is the third syllabus point of *Rush* v. *Buckles*, 93 W.Va. 493, 117 S.E. 130 (1923):

> Where the wife has lost all affection for the husband for justifiable causes attributable to him and has separated from him with the declaration that she would never again live with him, it is a question for the jury to determine, in a suit for alienation of her affections, whether her subsequent acts and declarations showed a return of her affections for him or evidenced a chance of reconciliation; and whether the acts and attentions of the defendant prevented a return of affection, or reconciliation.

In the opinion, the Court further said:

> We have detailed at considerable length the testimony for the reason that the verdict was set aside because the evidence was not sufficient to warrant such finding. The crucial question before the jury was whether defendant either wholly or partially alienated the affections of the plaintiff's wife, or prevented a reconciliation between them and a resumption of the marital relations.
>
> *       *       *
>
> It is argued that if it had not been for the intervention and attentions of Buckles Mrs. Rush would have returned with her children to her husband . . . .

The separation of the wife from the husband in that case did not occur as a result of any action by the defendant Buckles, he not having known the parties at that time.

Instead, the action was based primarily upon his alleged actions in preventing the reconciliation after meeting the plaintiff's former wife at a hotel where she was residing in Shepherdstown, a place some distance from where the plaintiff and his wife resided at the time the wife left the husband because of an attack made by the latter upon her aged and infirm father. In that case the jury found for the defendant, but the trial judge set the verdict aside and awarded a new trial. Upon a review of the evidence, this Court reversed the trial court, reinstated the verdict and entered judgment for the defendant.

While the *Rush* case is not directly in point, it does illustrate, to some extent, this Court's recognition that the affections of one spouse for another may not necessarily terminate at the time of separation. While no hard and fast rule may be laid down, it can safely be said that alienation of affections is not "complete" where, after cohabitation ceases, the parties evidence a desire to reconcile and, in fact, make attempts to that end. Exactly what point in time alienation is complete may well differ in each case. We simply hold here that in this case the act of separation (or cessation of cohabitation) did not begin the running of the statute of limitations. That point may have been when it became apparent to appellant that "further negotiations were futile," when appellant began taking proof in her divorce action, when the final divorce decree was entered, or, perhaps, at some point of time in between any of those occurrences.

As to whether or not the amended complaint states a new cause of action barred by legislative enactment, we think the ruling of the lower court was clearly erroneous. Rule 15 (c), R.C.P., provides:

> *Relation Back of Amendments.*—Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Prior to the adoption of the Rules of Civil Procedure, Code, 56-4-24, as amended, provided insofar as pertinent, that:

> The plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant; and, notwithstanding such appearance, in any action, suit, motion or other proceeding, the court, if in its opinion substantial justice will be promoted thereby, may, at any time before final judgment or decree, and upon such terms as it may deem just, permit any pleading to be amended . . . .

The law in this jurisdiction is well settled that such an amendment relates back to the date of the original complaint. See discussion and cases cited in LUGAR & SILVERSTEIN, W. VA. RULES, p. 142.

Recognizing the sometimes "continuing" nature of alienation of affections and again looking to the repeated attempts at reconciliation in this case, it is the view of this Court that the allegations of the amended complaint do not state "a new cause of action," and that the amended complaint relates back to the date of the original pleading as provided by Rule 15(c), R.C.P. Therefore, even though the amended complaint was filed after the effective date of Code, 56-3-2a, as amended, abolishing the action of alienation of affections, the trial court must consider the allegations of the amended complaint as if they were contained in the original complaint.

This Court holds that the statute of limitations had not run at the time this action was instituted on January 28, 1969, and that the amended complaint did not allege a "new" cause of action barred by Code, 56-3-2a, as amended. The case is remanded to the trial court for such further procedure as is indicated not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*