# CHARLESTON

## BOYD *v.* BEEBE.

Submitted March 18, 1908.   Decided March 31, 1908.

1. BILLS AND NOTES—*Actions—Allegations of Ownership—Sufficiency.*
   Point 4, Syllabus, in *Sprinkle* v. *Duty*, decided at this term,
   approved.   (p. 217.)

2. LIMITATION OF ACTIONS—*Computation of Period of Limitation—
   Fraud.*
   The fact that money is obtained by fraud will not prevent the
   running of the statute of limitations, against an action to recover
   it back, from the consummation of the transaction, unless inves-
   tigation is prevented by affirmative efforts on the part of the
   wrong-doer, mere silence is not sufficient. (p. 220.)

3. SAME—*Offsets.*
   The rule is that the statute of limitations does not cease to run
   against the offsets of the defendant until the time the defendant
   files his plea of offsets in the case.   (p. 222.)

4. BILLS AND NOTES—*Actions—Issues, Proofs and Variance.*
   In an action of debt on a negotiable note the declaration al-
   leges that "the defendant made and signed his certain promissory
   note in writing" setting out a full description of the note in-
   cluding the place of payment. *Held:* Such note is admissible in
   evidence.   (p. 222.)

5. WRIT OF ERROR—*Review—Discretion of Lower Court—Continuance.*
   The matter of granting a continuance of a case is within the
   sound discretion of the trial court; and, unless it is plainly ap-
   parent that such discretion has been abused, the appellate court
   will not reverse a judgment for the refusal of a continuance.
   (p. 223.)

Error to Circuit Court, Cabell County.

Action by John V. Boyd against James C. Beebe.   Judg-
ment for plaintiff, and defendant brings error.

*Affirmed.*

SIMMS, ENSLOW, FITZPATRICK & BAKER, for plaintiff in
error.

CAMPBELL, HEFFLEY & DAVIS, for defendant in error.

MCWHORTER, JUDGE:

In an action of debt on two promissory notes, one of $800.00
and the other for $4,002.43, both payable to John V. Boyd

on demand at the Broad Street National Bank, Trenton, New Jersey, and executed by James C. Beebe, the circuit court of Cabell county rendered a judgment in favor of Boyd for the sum of $5,408.60, of which Beebe complains, predicating assignments of error on the overruling of his demurrer to the declaration, the allowance of a plea of the statute of limitations to his special plea, designed to set up failure of consideration, rejection of his rejoinder to the plea of the statute, refusal to allow a continuance, admission of the notes as evidence, and the giving of certain instructions.

There is nothing in the demurrer. Each count of the declaration avers that the defendant made and signed his certain promissory note and for value received thereby promised to pay the plaintiff the respective sums of money therein mentioned. This makes the plaintiff *prima facie* the owner of the notes. Nothing else appearing, the allegation of ownership is positive, direct and unequivocal, and fully within the rule requiring certainty in pleading. In *Sprinkle* v. *Duty*, decided at this term, (syl. Pt. 4), it is held: " *Prima facie*, the payee of a negotiable note is the owner thereof, and, in declaring on it in an action of debt, it suffices, as to title, to aver that the defendant by it promised to pay the plaintiff the amount named in the note, no endorsement thereof being disclosed." And we see no reason for receding from that conclusion.

The averment of the special plea is that the plaintiff, while an agent of the defendant and as such entrusted with the handling of funds of his principal, claimed a balance due him for which the notes were executed, December 14, 1900, and January 10, 1901, respectively, and that on September 22, 1906, the defendant had ascertained that, on April 25, 1896, long prior to the execution of the notes, the plaintiff, having as such agent, collected from one J. H. Scudder $15,000.00, purchase money of certain building and loan association stock or interests sold by the defendant to Scudder, had accounted for and paid over to his principal only $11,500.00 of said sum, and fraudulently concealed the actual state of the account between them and so obtained these notes for money which the defendant did not owe him; and that said Boyd was indebted to defend-

ant when said notes were executed; that the said notes were executed without consideration and the consideration had failed, and that the defendant had sustained damages to the amount of the plaintiff's demand and in excess thereof, to-wit, $5,600.00. To the filing of which plea the plaintiff objected which objection was overruled. The plaintiff tendered and asked leave to file a replication in writing of the statute of limitations to the supposed cause of action alleged and set forth by the defendant in his special plea in writing in the nature of a plea of equitable off-set, to the filing of which replication defendant objected. The court overruled the objection and the replication was filed, to which ruling of the court the defendant excepted. The defendant, as to the plea of the statute of limitations by the plaintiff in this cause pleaded to the equitable plea by the defendant herein filed, tendered his rejoinder in writing, averring that the facts in the said plea of equitable set-off alleged were exclusively within the knowledge of the plaintiff John V. Boyd and were unknown to the defendant and were fraudulently concealed from the defendant by the plaintiff and by such ways and means defeated and obstructed the defendant from asserting his said equitable right by plea or by action within the time limited; that the said facts were unknown to defendant until September 22, 1906, and for this defendant's right of equitable plea and set-off would accrue to the defendant within the period of limitations by the plaintiff pleaded in manner and form as by him pleaded. To the filing of which special rejoinder the plaintiff objected and the same was rejected by the court, to which ruling of the court the defendant excepted and the defendant then traversed the said special replication of the statute of limitations. The defendant then moved for a continuance of the case and took evidence in support of said motion which being considered by the court was overruled. A jury was empanneled and, after hearing the evidence, returned a verdict in favor of the plaintiff for $5,008.60, the debts and interest in the declaration mentioned. The defendant moved the court to set aside the verdict and grant a new trial on the grounds that the verdict was contrary to the law and the evidence, etc., which motion the court overruled and en-

tered judgment upon said verdict. The defendant took four several bills of exceptions which were made a part of the record.

The first bill of exceptions goes to the rejection of the defendant's special rejoinder to the plaintiff's plea of the statute of limitations to defendant's plea of equitable set-off. The rejoinder simply refers to the facts alleged in the special plea, that the facts there stated were within the knowledge of plaintiff and not within the knowledge of the defendant. And yet, the special plea alleges that he, the defendant, sold his interest in the said Building & Loan Company to J. H. Scudder. So that he must have known the price he was to be paid for it and certainly knew to whom he sold it, having made the sale himself as alleged by him. It does not charge plaintiff with any specific or affirmative act nor of fraudulent representations, but with mere silence, and that too in a matter he transacted himself. Section 3511, Code, 1906, treating of the limitations of actions, provides that: "When any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time of such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted."

No part of this provision can apply in this case unless it would be the phrase "or by any other indirect ways or means." There is no allegation either in the special plea nor the special rejoinder except the mere fact that the plaintiff remained silent. The statute, it will be observed, is dealing with the actions of the party and mentions the act of departing without the state or by absconding or concealing himself or by any other indirect ways or means obstruct the party in his remedy; but in order to avail himself of the benefit of said statute the pleader must allege what action was taken by the party which would interfere with his rights; not a mere statement of the fact that it was known to the one and not to the other, or concealed

from the other by mere silence. In *Thompson* v. *Whitaker*, 41 W. Va. 574, (Syl, Pt. 8), it is held: "Under section 18, chapter 104, Code, (section 3511, Code 1906) it requires some positive—that is, affirmative—act by the defendant to operate under the clause, 'or by any other indirect ways or means obstruct the prosecution of such right.' Merely silence will not do, but there must be some act designed to conceal the existence of liability, and operate in some way upon the plaintiff, and prevent or delay suit for it." And Point 7: "Where a cause of action arises out of a fraud, the statute of limitations runs from its perpetration. This does not apply to fraudulent transfers." In *Smith* v. *Blatchley*, 198 Pa. 173, 47 Atlantic 985, 53 L. R. A. 849. it is held: "That money is obtained by fraud will not prevent the running of the statute of limitations, against an action to recover it back, from the consummation of the transaction, unless investigation is prevented by affirmative efforts on the part of the wrong-doer." In *Allen* v. *Mills*, 17 Wend. 202, it is held: "It is no answer to a plea of the statute of limitations, that the cause of action was fraudulently concealed by the defendant until after the statute had attached, and that the suit was brought within the time limited by the statute after the discovery of the right to sue." *Troup* v. *Smith*, 20 Johns. 48; *Leonard* v. *Pitney*, 5 Wend. 30; *Cole* v. *McGlathry*, 9 Me. 131; *McKown* v. *Whitmore*, 31 Me. 448; *Nudd* v. *Hamblin*, 8 Allen (Mass.) 130; *Wood* v. *Carpenter*, 101 U. S. 135; 4 Min. Inst. part 1, 622-623; *Sanbron* v. *Gale*, (Mass.) 26 L. R. A. 864; *Mereness*, v. *Bank*, (Iowa) 51 L. R. A. 410; *Carrier* v. *Railroad Co.*, (Iowa) 6 L. R. A. 799. In section 276, Wood on Limitations, it is said: "The provision that if a person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action, applies to causes of action for fraud, as well as to other causes of action; but the concealment contemplated by the statute is something more than mere silence; it must be of an affirmative character, and must be alleged and proved so as to bring the case clearly within the meaning of the statute."

This question is well discussed in *Smith* v. *Blatchley*, *supra*. The authorities generally hold that some affirmative action to prevent discovery and not mere silence on the part of the wrong-doer is necessary to prevent the running of the statute from the time of the commission of the fraud.

In case at bar defendant knew to whom the stock was sold, and he and Scudder, the purchaser of his interest in the company, were both members and directors in the company. "The presumption is, that if the party affected by any fraudulent transaction or management might, with ordinary attention, have seasonably detected it, he seasonably had actual knowledge of it."—Ang. on Lim., section 187; 2 Sto. Eq. Juris., section 1521. Ang. on Lim. at section 183 says: "In regard to this subject, some of the cases make a marked and manifest distinction between a a plea of the statute in a court of law and a court of equity."

In 1 Rob. Prac., 101, we find: "*Oothout* v. *Thompson*, 20 Johns. Rep. 277, was an action on the case brought to recover damages, for a deceit in the sale of a negro; and issue was joined on the plea of not guilty within six years. It was insisted, on the evidence, that the defendant was to be considered as having within six years admitted the fraud, and declared he was willing to do what was right. And the question was, whether such admission and declaration could take the case out of the operation of the statute. Spencer C. J. delivered the opinion of the court, that the fraud was consummated when the sale took place; that was more than six years; and proof that the defendant had acknowledged the fact within six years, did not support the issue which required the plaintiff to prove that the fact itself was committed within the six years. See, also, *Boydell* v. *Drummond*, 2 Camp. 157." In 9 Enc. Dig. 429, it is said: "The present rule is that the statute of limitations did not cease to run against the offsets of the defendant until the time the defendant's answer and account of offsets are filed in the cause." Citing Va. Code, section 3303; W. Va. Code, section 3895; *Hurst* v. *Hite*, 20 W. Va. 183; *Rowan* v. *Chenoweth*, 49 W. Va. 287, (38 S. E. 544); *Moore* v. *Luckess*, 23 Grat. 160.

Defendant relies principally upon the case of *Vanbibber* v. *Bierne*, 6 W. Va. 168, and quotes from the opinion in that case where the Judge who delivered the opinion of the Court says at page 179: "I think where it properly appears by the pleadings that the facts on which the cause of action was founded, were exclusively in the knowledge of the Defendant; that he fraudulently concealed these facts; and that by such ways and means he defeated and obstructed the plaintiff from bringing his action within the time limited, the effect of the statute may be avoided in actions at law as well as in suits in equity." This case is not applicable to case at bar as the transaction complained of was not of such a character, and the circumstances such as to make silence itself a fraud. Nor was it "of such a character as to conceal itself," as said in *Wear* v. *Skinner*, 46 Md. 257. See also *Bailey* v. *Glover*, 21 Wall. 346. The circumstances show that the defendant could at any time have inquired of Scudder, the purchaser of his interests in the company, as to the amount paid for the same and thus detected the fraud, if any, committed by the plaintiff by retaining more of the purchase money than he had a right to withhold. The cause of action arose when the money was received from Scudder by the plaintiff, or in a reasonable time thereafter when the defendant might have ascertained the facts from Scudder with whom he was associated in the company. But why discuss this matter further when the plea shows that the defendant himself sold to Scudder. The court did not err in instructing the jury that the matter of the special plea of offset was barred by the statute of limitations, as set out in defendant's bill of exceptions.

It is insisted that the court erred in admitting in evidence the two notes sued upon in this case, being described therein as "his certain promissory notes in writing" when the notes showed upon their face that they were negotiable and payable "at the Broad Street National Bank, Trenton, N. J.;" claiming that there was a variance between the allegations in the declaration and the proof offered. Citing in support of the objection to their introduction, *Damarin* v. *Young*, 27 W. Va. 436, where a distinction is drawn between a negotiable note and a mere promissory

note. In that case the declaration described the note as a promissory note but failed to aver the place of payment, the note stating in plain terms that it was "payable at the Kanawha Valley Bank, Charleston." It is there said: "The note declared on is not described as a negotiable instrument, but is simply described as 'a certain promissory note,' and no place of payment is mentioned. The note admitted in evidence is a negotiable instrument 'payable at the Kanawha Valley Bank, Charleston.' A negotiable note payable at a particular office or bank is a very different instrument from a mere promissory note payable generally, even when between the same parties and for the same amount." And for the reasons there given, it was held to be essential that the place of payment fixed by the note should be set out in the declaration; and, without such averment, the note should not be admitted in evidence. The objection cannot apply in the present case as the declaration sets out a full description of the notes including the place of payment.

It is claimed that the court erred in refusing a continuance. The matter of granting a continuance is within the sound discretion of the trial court, and unless it is plainly apparent that such discretion has been abused this Court will not interfere therewith. *Amos* v. *Stockert,* 47 W. Va. 109; *Bank* v. *Hamilton,* 43 *Id.* 75, (27 S. E. 296); *Marmet* v. *Archibald,* 37 *Id.* 778, (17 S. E. 299); *Buster* v. *Holland,* 27 *Id.* 511; *Logie* v. *Black,* 24 *Id.* 1; *Riddle* v. *McGinnis,* 22 *Id.* 253. This action was begun on June 2, 1906, and the writ served on defendant the same day, and when the case was called for trial on the 7th day of November, 1906, the defendant moved for a continuance. Defendant's examination in open court upon said motion does not disclose a good cause for a continuance of the case and the court did not err in overruling the motion.

No error appearing the judgment of the circuit court is affirmed.

*Affirmed.*   .