DONALD B. HANDLEY, *et al.*

*v.*

THE TOWN OF SHINNSTON, *etc.*

(No. 15260)

Decided March 19, 1982.

*Brent E. Beveridge* for appellants.

*McNeer, Highland & McMunn, James A. Varner, J. Michael McDonald,* for appellee.

PER CURIAM:

This is an appeal by Donald Handley and Rose Handley from an order of the Circuit Court of Harrison County dismissing their civil action against the Town of Shinnston. In this suit, the Handleys seek compensation for damage done their property by a ruptured water transmission line. The Handleys contend that the circuit court erred in ruling that the action was barred by the statute of limitations, thereby dismissing the action. We agree

and reverse the decision of the circuit court and remand the action.

The appellants, Donald and Rose Handley, purchased a home near Enterprise in Harrison County on August 24, 1971. Prior to that date, the Town of Shinnston had installed a water transmission line on the property. Sometime in 1972, the appellants noticed that the waterline was leaking and notified the town. The leak continued until October, 1976, when the waterline ruptured causing a crack to appear on the surface of the appellant's yard. The town was notified again and repaired the crack. However, the line continued to leak until it was removed in 1978. Even after the line was removed, the crack which had first appeared in the appellant's yard in 1976, continued to expand and slip. As a result, a large crater developed in the yard, and the foundation of the house shifted.

In light of this damage to their property, the appellants filed suit against the Town of Shinnston on May 10, 1979. An answer was filed on June 8th, and discovery was completed in January, 1980. On July 16, 1980, the town filed a motion for summary judgment alleging that the action was barred by a two-year statute of limitations. In deciding this motion, the circuit court took into consideration the pleadings, depositions, briefs, and argument of counsel before making the following findings of fact:

a. The plaintiffs' complaint was filed on the 10th day of May, 1979.

b. The plaintiffs' complaint alleges that in October 1976, the defendant's water transmission line ruptured and cast water onto plaintiffs' property and that the rupture was caused by the defendant's negligent maintenance of said water transmission line.

c. The plaintiffs knew of the leakage of water on their property as early as 1972 and of the rupture in October, 1976 at the time it occurred.

d. The plaintiffs had knowledge of the damage and slippage of their property caused by the water leakage on and prior to October, 1976.

e. The cause of action of the plaintiffs arose between 1972 and October, 1976.

f. There has been an adverse progression of the condition of their property since October, 1976.

Based on these findings of fact, the circuit court concluded that the cause of action arose more than two years before the institution of the suit and was, therefore, barred by the statute of limitations. As such, the court granted the town's motion for summary judgment. The appellants, however, argue that the tortious act and the resultant damages were continuing in nature and, therefore, the statute of limitations had not expired. We agree.

*West Virginia Code*, 55-2-12 provides in part that:

"Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property. . . ."

Therefore, under this provision the statute of limitations begins to run from the date of the injury and expires after a two-year period. *State ex rel. Ashworth v. Road Commission*, 147 W.Va. 430, 128 S.E.2d 471 (1962).

In this case it is clear that the damage did not occur all at once but increased as time progressed; each injury being a new wrong. "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from the date of the last injury, or when the tortious overt acts cease." 54 *C.J.S.* Limitations of Actions § 169 (1948); *See generally, West Virginia Human Rights Commission v. United Transp.*, ___ W.Va. ___, 280 S.E.2d 653 (1981); *Pickens v. Coal River Boom & Timber Co.*, 58 W.Va. 11, 50 S.E. 872 (1905).

Donald Handley's deposition indicates that the damage to the property continued even after the suit was filed. If the tortious act in this case did indeed cease, it was not until 1978, when the leaking waterline was removed from the appellants' property. As the record clearly shows that the appellants filed suit on May 10, 1979, less than two

years after the waterline was removed, the action was not barred by the statute of limitations, and the circuit court erred in granting summary judgment. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

The order of the Circuit Court of Harrison County is, therefore, reversed and the case is remanded to the court for further proceedings in accordance with this opinion.

*Reversed and remanded.*