WALLACE, JUDGE:
Claimant was convicted in the Intermediate Court of Ohio County, West Virginia, on November 8, 1965, of breaking and entering, and sentenced on January 10, 1966, to life imprisonment under the Recidivist Statute. By order dated February 11, 1969, in the United States District Court for the Northern District of West Virginia, claimant’s conviction was vacated and the Ohio County Circuit Court was ordered to resentence claimant. Claimant was resentenced to life on January 17, 1972. Claimant, again by Court-appointed attorney, again appealed to the United States District Court, which again ordered that claimant be resentenced. On April 3, 1973, the Ohio County Circuit Court resentenced claimant to one to ten years. Claimant served a total sentence of seven years, eleven months, and twelve *115 days. Claimant alleges that under the one-to-ten-year sentence, he would have been released after five years, and seeks damages for the additional two years, eleven months, and twelve days of confinement.
Respondent filed a Motion to Dismiss alleging that the claim was barred by the Statute of Limitations, W.Va. Code 55-2-12, as the claim was not filed until June 17,1980. Claimant stated that he had no knowledge of the second voided life sentence or of the assignment of errors in the second appeal until 1979. He, therefore, states that the Statute of Limitations should be tolled until 1979. With this contention the Court cannot agree. It is a well settled principle of law that mere lack of knowledge of an actionable wrong does not suspend the statute. See, e.g., Merchants' National Bank vs. Spates, 41 W.Va. 27, 23 S.E. 691 (1895); Boyd vs. Beebe, 64 W.Va. 216, 61 S.E. 304 (1908). Furthermore, this Court cannot conclude that claimant would, in fact, have been released after serving five years of the one-to-ten-year sentence and, therefore, sustained any damage for the additional time period.
The Court, therefore, sustains respondent’s Motion to Dismiss.
Claim dismissed.