351 S.E.2d 183

**William E. JONES**

v.

**The TRUSTEES OF BETHANY COLLEGE, etc., et al.**

**No. 16910.**

Supreme Court of Appeals of
West Virginia.

Dec. 2, 1986.

Bachmann, Hess, B & Garden, Gilbert S. Bachmann, Lester C. Hess Jr., John E. Artimez, Jr., Wheeling, for appellant.

O'Brien, Cassidy & Gallagher, William C. Gallagher, Timothy Cogan, Wheeling, for appellee.

MILLER, Chief Justice:

William E. Jones, the plaintiff, appeals from a judgment of the Circuit Court of Ohio County granting a motion to dismiss his personal injury action on the ground that the action is barred by the statute of limitations.

The facts are not in dispute and can be briefly outlined. On August 8, 1978, the plaintiff while operating a motor vehicle on a highway in Ohio County, West Virginia, collided with another vehicle owned by the trustees of Bethany College and being operated by one of its employees in the course of his employment. The plaintiff sustained personal injuries to various portions of his body, including a broken leg and three fractured ribs. In the accident, his wife was killed and his daughter was injured.

Thereafter, the plaintiff, through counsel, negotiated a settlement of his claim against the trustees and their employee for $30,000, and executed a general release on January 31, 1980. Settlements were also reached as to the plaintiff's wife and his daughter.

On August 26, 1982, while the plaintiff was being evaluated and treated for a low back problem unrelated to the accident, medical tests revealed the presence of a "pseudoaneurysm of the descending thoracic aorta." The plaintiff in his brief to this Court indicates that the medical evidence establishes a causal relationship between the newly discovered medical condition and the previous automobile collision. The plaintiff subsequently underwent corrective surgery in October, 1982, and incurred substantial medical expenses and lost wages totaling in excess of $38,000.

On August 1, 1984, not quite two years after discovering the aortic abnormality, the plaintiff instituted this personal injury action to recover for the full extent of the injuries allegedly sustained in the accident and to rescind the release based upon a mutual mistake of fact as to the unknown injury. The plaintiff, in connection with the request for rescission of the release, tendered the $30,000 settlement back to the defendants, which offer was refused. The defendants then filed a motion to dismiss on the basis that the action was barred by the two-year limitation period applicable to personal injury actions in this State. W.Va.Code, 55–2–12(b).[1] The defendants also plead the release as an affirmative defense justifying dismissal of the action.

The trial court, after consideration of the legal briefs filed by the parties, concluded that the plaintiff's action was time-barred by the two-year limitation period applicable to personal injury actions. Having determined the statute of limitations question in the defendants' favor, the trial court did not reach the issue of whether the release should be set aside on the grounds of mutual mistake of fact.

The plaintiff argues on appeal, as he did below, that under the "discovery rule," his cause of action for personal injuries did not accrue for purposes of the statute of limitations until the plaintiff knew, or by the exercise of reasonable diligence, should have known of the alleged additional injury.

█ We have generally stated that the statute of limitations ordinarily begins to run when the right to bring an action for personal injuries accrues, which is when the injury is inflicted. *Hundley v. Martinez*, 151 W.Va. 977, 985, 158 S.E.2d 159, 164 (1967); *State ex rel. Ashworth v. State Road Comm'n*, 147 W.Va. 430, 437, 128 S.E.2d 471, 476 (1962); *Scott v. Rinehart & Dennis Co.*, 116 W.Va. 319, 180 S.E. 276 (1935).

█ Despite the generality of this rule, it is subject to certain exceptions, one of which is our discovery rule which we have applied to malpractice actions. In this area we have recognized that often the plaintiff is not aware of the fact that an injury has been inflicted. In the area of medical malpractice, this is particularly true because the physician's negligence may consist of some improper diagnosis or improper surgery when the plaintiff is unconscious so that he is not aware that there has been an injury. Our general discovery rule is found in Syllabus Point 2, in part, of *Hundley*:

"In a medical malpractice case the statute of limitations begins to run at the time the injury is inflicted, or ... when ... the injury is discovered or when by the exercise of reasonable diligence it should have been discovered."[2]

1. W.Va.Code, 55–2–12(b), provides: "Every personal action for which no limitation is otherwise prescribed shall be brought: ... within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries."

2. Syllabus Point 2 of *Hundley* has been altered to conform to our holding in *Harrison v. Seltzer*, 165 W.Va. 366, 268 S.E.2d 312 (1980), where we held in Syllabus Point 2: "In malpractice, our discovery rule does not initially rest on a showing of fraudulent concealment, but rather on

whether the injured plaintiff was aware of the malpractice or, by the exercise of reasonable care, should have discovered it." *See also Family Savings & Loan, Inc. v. Ciccarello*, 157 W.Va. 983, 993–94, 207 S.E.2d 157, 163 (1974) (legal malpractice).

Independent of the discovery rule, we have long recognized that a defendant who by fraud or concealment prevents the plaintiff from discovering his cause of action has by such inequitable conduct suspended the statute of limitations. *Cameron v. Cameron*, 111 W.Va. 375, 162 S.E. 173 (1931); *Vanbibber v. Beirne*, 6 W.Va.

We acknowledge that other courts have expanded the discovery rule to product liability cases dealing with chemicals, drugs, asbestosis, and products like the Dalkon Shield. The common denominator in these cases is that the product often causes an injury only after a lengthy period of exposure or the injury surfaces only after a considerable period of time from the date of exposure. Because the injury initially is not sufficiently pronounced to put a plaintiff on notice that he has been injured, courts conclude the statute of limitations does not begin to run until the plaintiff is aware of the injury or through reasonable diligence should have been aware of the injury. *E.g., Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) (silicosis); *Young v. Clinchfield R.R.,* 288 F.2d 499 (4th Cir.1961) (silicosis); *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076 (5th Cir.1973), *cert. denied,* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974) (asbestosis); *Williams v. Borden, Inc.,* 637 F.2d 731 (10th Cir.1980) (polyvinyl chloride fumes causing chronic lung disease); *Patrick v. Sharon Steel Corp.,* 549 F.Supp. 1259 (N.D.W.Va.1982) (air pollutants); *Pauley v. Combustion Engineering, Inc.,* 528 F.Supp. 759 (S.D.W.Va.1981) (asbestosis); *Barnes v. A.H. Robins Co., Inc.,* 476 N.E.2d 84 (Ind.1985) (Dalkon Shield); *Cullender v. BASF Wyandotte Corp.,* 146 Mich.App. 423, 381 N.W.2d 737 (1985) (acrylonitrile inducing cancer); *Condon v. A.H. Robins Co., Inc.,* 217 Neb. 60, 349 N.W.2d 622 (1984) (Dalkon Shield); *Colvin v. FMC Corp.,* 43 Or.App. 709, 604 P.2d 157 (1979) (Pyrenone); *Anthony v. Abbott Laboratories,* 490 A.2d 43 (R.I.1985) (DES); *Cavanaugh v. Abbott Laboratories,* 145 Vt. 516, 496 A.2d 154 (1985) (DES); *Olson v. A.H. Robins Co., Inc.,* 696 P.2d 1294 (Wyo.1985) (Dalkon Shield).

Where there has been a noticeable injury caused by a traumatic event, the fact that there may be a latent component to the injury does not postpone the commencement of the statute of limitations according to a substantial majority of courts. *Brassard v. Boston & Me. R.R.,* 240 F.2d 138 (1st Cir.1957); *Ciccarone v. United States,* 486 F.2d 253 (3d Cir.1973); *Beech v. United States,* 345 F.2d 872 (5th Cir.1965); *Steele v. United States,* 599 F.2d 823 (7th Cir. 1979); *Fletcher v. Union Pac. R.R.,* 621 F.2d 902 (8th Cir.1980), *cert. denied,* 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981); *McEntire v. Malloy,* 288 Ark. 582, 707 S.W.2d 773 (1986); *Carter v. Cross,* 373 So.2d 81 (Fla.App.1979); *Dowling v. Lester,* 74 Ga.App. 290, 39 S.E.2d 576 (1946); *Ralphs v. City of Spirit Lake,* 98 Idaho 225, 560 P.2d 1315 (1977); *Caudill v. Arnett,* 481 S.W.2d 668 (Ky.1972); *Christian v. Daniell Battery Manufacturing Co.,* 279 So.2d 214 (La.App.1973); *Guiley v. Hammaker,* 55 Or.App. 921, 640 P.2d 664 (1982); *Steele v. Organon, Inc.,* 43 Wash. App. 230, 716 P.2d 920 (1986); *Duke v. Housen,* 589 P.2d 334 (Wyo.), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979); 51 Am.Jur.2d *Limitations of Actions* § 135 (1970).

Some courts have attempted to categorize the factual differences by referring to those cases where the discovery rule is applicable as a "pure latent injury case," which is described in *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 230 (5th Cir. 1984):

"The pure latent injury case ordinarily arises in one of three situations: a suit by a worker who contracts an occupational disease, a medical malpractice suit by a patient who discovers an injury long after the negligent medical treatment has been administered, or a product liability suit by a consumer of a drug or other medically related product who discovers a side effect from the use of the defendant's product. In each of the pure latent injury cases, the plaintiff fails to discover either the injury or its cause

168 (1873). *See also Petrelli v. West Virginia-Pittsburgh Coal Co.,* 86 W.Va. 607, 104 S.E. 103 (1920) (wrongful removal of subterranean coal). We have also recognized that "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitation begins to run from the date of the last injury, or when the tortious overt acts cease." *Handley v. Town of Shinnston,* 169 W.Va. 617, 619, 289 S.E.2d 201, 202 (1982).

until long after the negligent act occurred."

Where there is an initial traumatic injury, but the full extent of the injury is not immediately known, *Albertson* terms this as a "traumatic event/latent manifestation case." In this type of case, the statute of limitations begins to run from the time of the traumatic event. It is described in the following terms in *Albertson*, 749 F.2d at 231:

"The traumatic event/latent manifestation case is one in which the plaintiff has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence. At the time of the traumatic event, the plaintiff realizes both that he is injured and what is responsible for causing the injury. The full extent of the harm, however, has not become manifest."

Behind this labeling process lies the fundamental struggle that courts engage in, which is to balance the rationale for statutes of limitations with the countervailing claim of the injured plaintiff that he should not be barred access to the courts because of ignorance over the true extent of his damages.

Of course, the very setting of a time period for bringing suits is in itself an accommodation of competing interests. The plaintiff wishes to have a reasonable time to bring the suit in order that he may identify the various acts of negligence, the parties responsible, and the extent of his damages. The defendant, on the other hand, seeks to avoid having to defend against stale claims because witnesses' memories may fade or other evidence may be lost. The limitation period is also designed to bring repose and an end to the assertion of claims. It must be admitted that in this area any bright line rule has the potential for providing a hardship in an individual case.

There are sound reasons for applying the ordinary period of limitations for personal injuries where the plaintiff has received through a traumatic event some immediate injury even though he is not aware of the full extent of this injury. In this situation, the plaintiff under our current law, if he is under no disability,[3] has two years in which to file his suit. During this period, he is able to explore the nature and extent of his injuries.

Furthermore, because of the general nature of our pleadings under the civil rules of procedure, a plaintiff is not foreclosed from recovering for injuries that have been occasioned from the date of the negligent act even though they were not known at the time the suit was filed. It is commonly recognized that a plaintiff may amend his pleadings to bring in additional damages traceable to the original trauma that were not known at the time the suit was filed. Rule 15, W.Va.R.C.P.; *Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238 (8th Cir. 1971); *McDonald v. United States*, 555 F.Supp. 935 (M.D.Pa.1983); *Kern v. Uregas Service of West Frankfort, Inc.*, 90 Ill. App.3d 182, 45 Ill.Dec. 455, 412 N.E.2d 1037 (1980); *Fulciniti v. European American Bank*, 132 Misc.2d 766, 504 N.Y.S.2d 1014 (1986); *State ex rel. Board of Education v. Spillers*, 164 W.Va. 453, 259 S.E.2d 417 (1979); *see Middle-West Concrete Forming & Equipment Co. v. General Insurance Co. of America*, 165 W.Va. 280, 290–91, 267 S.E.2d 742, 748 (1980); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1474 at 385–86 (1971).

---

**3.** W.Va.Code, 55–2–15, extends the statute of limitations to persons under a disability as follows:

"If any person to whom the right accrues to bring any such personal action, suit or scire facias, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in section eight [§ 55–2–8] of this article, except that it shall in no case be brought after twenty years from the time when the right accrues."

There are other statutes which also have the effect of extending the statute of limitations, *e.g.*, W.Va.Code, 55–2–16 (with regard to death of claimant); W.Va.Code, 55–2–17 (suit prevented by defendant leaving State).

With the customary utilization of discovery and other pretrial procedures, considerable time can be consumed from the date the suit is filed and before it is ready for trial. This time period when coupled with the initial period of limitations should enable a plaintiff to learn of any latent injuries that have occurred from the initial traumatic event. In view of these circumstances, we do not believe the rule adopted by a substantial majority of jurisdictions is harsh or inequitable to a plaintiff.[4]

■ We, therefore, conclude that where a plaintiff sustains a noticeable personal injury from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be a latent injury arising from the same traumatic event. For the foregoing reasons, we affirm the judgment of the Circuit Court of Ohio County.

Affirmed.

---

**4.** We are aware of only one jurisdiction that appears to have applied a discovery rule to all tort actions. *Hansen v. A.H. Robins, Inc.,* 113 Wis.2d 550, 335 N.W.2d 578 (1983). Recently, a New Jersey appellate court has indicated that it may be possible for a plaintiff to overcome the time bar of the statute of limitations where he suffered an original traumatic injury, but was unaware of its consequences. However, he "has an extraordinarily high burden of demonstrating that he did not and could not have timely known of ... [its] existence." *Mancuso v. Mancuso,* 209 N.J.Super. 51, 57, 506 A.2d 1253, 1256 (1986).