PER CURIAM:
Sandra Miller and Charles Miller, wife and husband, hereinafter the “claimants,” seek an award from the West Virginia Department of Transportation, Division of Highways, hereinafter the “respondent,” for negligently having damaged their three-acre parcel of real estate in Lincoln County, West Virginia, and the contents of their residence therein, over a period from 1981 to 1990. Their damages resulted, they allege, from the negligence of the respondent in the installation and placement of a culvert under the Six-Mile Creek Road, to carry the flow of Six-Mile Creek, in such manner that, in periods of high water, water backed up behind the entrance or upper opening of said culvert, overflowed the banks of said creek, removed topsoil placed on flat areas adjacent to the creek, deposited sand and stone on such areas, eroded stream banks, and entered the nearby residence of the claimants.
The Millers acquired said real estate in an unimproved state in the 1970’s, and began *17 construction of their home-to-be in the late 1970’s, and occupied it in 1980. About that time or a little later, respondent removed a 20-year-old bridge near the site of the home, which carried Six-Mile Creek Road over the Creek, to claimants’ home and beyond, and replaced the bridge with a six-foot culvert, over which the road thereafter passed and through which the waters of the creek passed. There is evidence in the record that while the bridge was in place the area was never flooded to the extent that the creek was out of the bank, and no evidence to the contrary.
Six-Mile Creek traverses the Miller property for the entire length of the property, leaving relatively flat areas on either side, part of which lent itself to truck gardening, for which it was used in the early years after claimants’ acquisition of the property.
In 1981,1982, 1985,1987,1989, and 1990, the creek overflowed its banks, and its waters spread over the flat areas, and in some years entered and stood in the lower level of the Miler residence, with resultant damage to tangible personal property.
The testimony and other evidence at the hearing was extensive and helpful. The Court has considered all of the evidence and makes additional findings of fact and the following conclusions of law.
Findings of Fact
1. This claim was filed on January 3, 1991.
2. Damages to claimant’s real property proximately resulted from respondent’s negligence, primarily from the installation of a culvert of insufficient capacity to carry all of the water of Six-Mile Creek at various times during seven of the ten years between 1981 and 1990; and also because of respondent’s negligent failure to remove sediment from that culvert and to stabilize the banks of the creek above and below the culvert.
3. Claimants suffered extensive damages to their residence, its contents and building materials stored in and around the house, in the floods, and from erosion of stream banks and cultivated areas.
4. According to the undisputed testimony of a knowledgeable witness for the claimants, the cost of restoring the flat areas of claimants’ land, including their yard, and of stabilizing the banks of the creek to prevent or minimize future damage, is $51,490.00. Damage to the land occurred in seven of the ten years in question, but it is impossible, upon the state of the record herein, to assign a separate figure for such damage for each of those seven years, 1989 and 1990, and was proximately caused by respondent’s negligence, and that claimants are entitled to recover damages for those two years.
5. The sum of $1,000.00 is the reasonable value of the land actually lost to the *18 stream bed, by erosion of the banks, over the ten year period, and two-sevenths of that sum of $285.41.
6. Two-sevenths of the amount required to restore claimants land to its original condition and to stabilize the banks of Six-Mile Creek where it passes through claimants’ property, is $14,711.43, and that sum will be included in the award for damages to claimants’ real estate proximately caused by the negligence of the respondent.
Conclusions of Law
1. The West Virginia statute of limitations applicable to this claim began to ran from the time when a cause of action arose. West Virginia Code §55-2-12, §55-2-19, and §14-2-21. With respect to this type of claim, the original wrongdoing is not of itself actionable without injury or special damage, and an action is not for the wrongful act, but solely for the consequences. 51 Am. Jr. 2d 703-705, Limitations of Actions §135. See also Handley v. Town of Shinston, 169 W.VA. 617, 289 S.E. 2d 201 (1982), and Bell v. Div. of Highways, W. Va. Court of Claims No. CC-89-159 (1991). The period of limitations in this case began to ran two years before the filing of the claim in this case, on January 4,1989. This Court may make an award to claimants only to the extent that they suffered losses as a proximate result of respondent’s negligence between January 4,1989, and the date of filing of the claim herein.
Between January 4,1989, and January 3,1991, both dates included, the real property of the claimants was damaged to the extent of $14,996.84.
2. No award is made for damages sustained as a result of respondent’s negligence during the years 1981,1982,1985,1987, and 1988, recovery for the same being barred by the statute of limitations. In accordance with the findings of fact and conclusions of law as stated above, the Court makes an award to the claimants in the amount of $14,996.84.
Award of $14,996.84.
Judge Webb did not participate in the hearing or decision of this claim.