460 S.E.2d 444

**HALL'S PARK MOTEL, INC., a West Virginia Corporation, Plaintiff Below, Appellant,**

v.

**ROVER CONSTRUCTION, INC., etc., et al., Defendants Below, Appellees.**

**No. 22534.**

Supreme Court of Appeals of West Virginia.

Submitted May 10, 1995.

Decided July 11, 1995.

Gail I. Michelson, Kopleman & Associates, Charleston, for appellant.

Johnnie E. Brown, Molly Underwood–Korwan, McQueen & Brown, L.C., Charleston, for appellee, Rover Const., Inc.

W.T. Webber, Jr., W.T. Webber, III, Webber & Webber, Weston, for appellee, Kelly, Gidley, Blair & Wolfe, Inc.

Michael M. Fisher, Offutt, Eifert, Fisher & Duffield, Huntington, for appellees, City of South Charleston, Sanitary Bd. of South Charleston, and Richard A. Robb, Mayor.

Robert R. Rodecker, Jerri F. Heiskell, Charleston, for appellees, Green Valley Community Public Service Dist. and John L. Ford.

FOX, Judge:[1]

This is an appeal by Hall's Park Motel, Inc., from an order of the Circuit Court of Kanawha County granting summary judgment to the defendants in this property damage action on the ground that the action was barred by the statute of limitations. On

---

1. Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

appeal, Hall's Park Motel, Inc., contends that the action was not barred by the statute of limitations and that the circuit court erred in its holding. After reviewing the questions presented and the record, we disagree. The judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

On 29 May 1981, Rover Construction, Inc., which was constructing a sewage system for the City of South Charleston, the Sanitary Board of the City of South Charleston, and Green Valley Community Public Service District, began to excavate a pit for the construction of a sewage lift station on land immediately adjoining a motel owned by the appellant, Hall's Park Motel, Inc.

While the work on the lift station was being performed, Rover Construction removed and replaced earth immediately adjacent to the Hall's Park Motel, Inc., property. The work of Rover Construction Co., Inc., on the lift station was completed in the late fall of 1981.

During the construction, or shortly after the work on the lift station was completed, the land around and underneath the Hall's Park Motel property began to slip and subside. As a consequence, the motel property and the building upon it were damaged.

On 22 December 1981, after obtaining an estimate from a construction appraiser, attorneys representing Hall's Park Motel, Inc., notified the appellees that the claim for loss and damages would be for $40,000.00. The matter was turned over to the appellees' insurance carrier, United States Fidelity & Guaranty Company, which unsuccessfully attempted to negotiate a settlement of the claim. Despite the fact that no settlement was ever reached, and for reasons not apparent in the record, neither Hall's Park Motel, Inc., nor its attorney, made any further efforts to resolve the matter or took any action to collect until 1991.

On 15 March 1991, almost ten years after the first damage to the Hall's Park Motel property and almost eight years after the last contact between Hall's Park Motel, Inc., and the appellees, the complaint giving rise to the present appeal was filed.

The complaint alleged:

10. On or about May 29, 1981, the defendant Rover Construction, Inc. engaged in excavating a pit for the construction of a sewage lift station on the land immediately adjoining and in close proximity to the above mentioned property and motel of the plaintiff.

11. The excavation work performed by the defendant Rover Construction, Inc. was prosecuted on behalf of the defendants City of South Charleston, The Sanitary Board of the City of South Charleston, and/or Green Valley Community Public Service District and pursuant to the plans and specifications prepared by the defendant Kelley, Gidley, Blair & Wolfe, Inc.

12. As a direct and approximate result of the negligent, careless and reckless construction by the defendants, the plaintiff's motel and real property was severely damaged, including damage to the foundation, walls, windows, and sewage disposal system of said motel, rendering the same unsafe and uninhabitable and depriving the plaintiff of the use and benefit thereof.

After being served with the complaint, the appellees moved for summary judgment on the ground that the action was barred by the statute of limitations. The court initially denied that motion, but later, after extensive discovery in the case, granted the motion on 27 April 1994. In its order, the court ruled as follows:

And the Court having reflected upon reconsideration of the previous ruling which denied summary judgment by memorandum and order dated August 22, 1991; and the Court having taken into consideration the subsequent discovery, and especially the deposition given by Erma Creasy dated July 21, 1992; the Court finds that plaintiff had notice by 1981 through 1985 that damages to the motel property in question was so severe that remedial repairs were not possible. The lawsuit herein filed March 15, 1991, is barred by the statute of limitations without any possibility of tolling due to a continuing tort.

In asserting that the entry of summary judgment was improper, Hall's Park Motel, Inc., argues that the damage to its property

has been ongoing and is still continuing and where a tort involves a continuing or repeated injury, the cause of action accrues at, and the limitations period begins to run from, the date of the last injury or when the tortious overt act ceases. Hall's Park Motel, Inc., argues that under this principle, its action is not barred by West Virginia's statute of limitations.

■ In *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed at some length the circumstances under which summary judgment could appropriately be granted in a civil action in West Virginia. In syllabus point 3 of that case, the Court stated its conclusion as follows:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*See Lowery v. Raptis,* 174 W.Va. 736, 329 S.E.2d 102 (1985); *Karnell v. Nutting,* 166 W.Va. 269, 273 S.E.2d 93 (1980); *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978); and *Anderson v. Turner,* 155 W.Va. 283, 184 S.E.2d 304 (1971).

Furthermore, the Court recently explained in syllabus point 4 of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), that:

> Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

It is implicit from reading the briefs in the present case that the parties do not challenge the fact that the appropriate limitations period for the action instituted by Hall's Park Motel, Inc., is the two-year limitations period contained in W.Va.Code § 55–2–12 for tort resulting in damage to property.[2] The question which the parties raise is when the limitations period for any tort involved in the present action began or begins to run.

■ As a general proposition, the limitations period begins to run from the date of the injury. *State ex rel. Ashworth v. State Road Commission,* 147 W.Va. 430, 128 S.E.2d 471 (1962); and *Boyd v. Beebe,* 64 W.Va. 216, 61 S.E. 304 (1908).

■ There are, however, a good many exceptions to this rule. For instance, where injury is not immediately known or discoverable, the statute of limitations begins to run when the injury is discovered or should have been discovered by the exercise of due diligence. *Stemple v. Dobson,* 184 W.Va. 317, 400 S.E.2d 561 (1990).

Other problems arise where elements of a tort do not occur or manifest themselves within a brief, discrete period. Two situations involving these circumstances have recently been addressed by this Court.

In the first, discussed in *Jones v. Trustees of Bethany College,* 177 W.Va. 168, 351 S.E.2d 183 (1986), the Court dealt with the situation where, within a brief, discrete period of time, all the elements of a tort occurred or manifested themselves and a plaintiff suffered a noticeable injury, but for a substantial period thereafter the plaintiff suffered a worsening of his condition or injury. In the second situation, discussed in *Handley v. Town of Shinnston,* 169 W.Va. 617, 289 S.E.2d 201 (1982), both the noticeable negligence, or negligent act, and the noticeable injury itself persisted and worsened over a period of time.

In the *Bethany College* case, this Court cited with approval *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223 (5th Cir.1984). The Court said:

> Where there is an initial traumatic injury, but the full extent of the injury is not immediately known, *Albertson* terms this as a "traumatic event/latent manifestation case." In this type of case, the statute of limitations begins to run from the time of the traumatic event. It is described in the

---

**2.** The relevant language from W.Va.Code § 55–2–12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought:

> (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property....

following terms in *Albertson,* 749 F.2d at 231:

> The traumatic event/latent manifestation case is one in which the plaintiff has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence. At the time of the traumatic event, the plaintiff realizes both that he is injured and what is responsible for causing the injury. The full extent of the harm, however, has not become manifest.
>
> Behind this labeling process lies the fundamental struggle that courts engage in, which is to balance the rationale for statutes of limitations with the countervailing claim of the injured plaintiff that he should not be barred access to the courts because of ignorance over the true extent of his damages.
>
> \*  \*  \*  \*  \*  \*
>
> There are sound reasons for applying the ordinary period of limitations for personal injuries where the plaintiff has received through a traumatic event some immediate injury even though he is not aware of the full extent of this injury.

177 W.Va. at 171, 351 S.E.2d at 186.

■ In syllabus point 3 of the *Bethany College* case, the Court summarized the rule which governs the "traumatic event/latent manifestation" case:

> Where a plaintiff sustains a noticeable personal injury from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be a latent injury arising from the same traumatic event.

The facts in the *Town of Shinnston* case were different. In that case, the Town of Shinnston installed a water transmission line on the property of the plaintiffs, Mr. Handley and his wife. The water transmission line began leaking, and the Handleys noticed the leak and notified the Town of Shinnston that the pipe was leaking. The Town was negligent in not appropriately repairing the leak, and the leaking continued, as did the damages. In that case, the Court concluded that where the tort was continuing or there was repeated injury, the cause of action accrues at, and the limitations period begins to run from, the date of the last injury or when the tortious, overt act ceases.

In the present case, the appellant argues that the principles set forth in the *Town of Shinnston* case should control as to when the limitations period begins to run.

Clearly, there is a fundamental factual difference between the *Bethany College* case and the *Town of Shinnston* case. In the *Bethany College* case, the breach of duty (negligent operation of a motor vehicle resulting in a collision) was completed and had ceased, but the damage was ongoing; in the *Town of Shinnston* case, the breach of duty (failure to repair a water transmission line) was itself ongoing, as was the resulting damage.

This was explained somewhat differently in *Ricottilli v. Summersville Memorial Hospital,* 188 W.Va. 674, 425 S.E.2d 629 (1992), when the Court said:

> [T]he concept of a continuing tort requires a showing of repetitious, wrongful conduct. *See Handley v. Town of Shinnston,* 169 W.Va. 617, 289 S.E.2d 201 (1982) (finding continuing tort based on permitting water to regularly flood another's property). Moreover, as this Court explained in *Spahr v. Preston County Board of Education,* 182 W.Va. 726, 391 S.E.2d 739 (1990), a wrongful act with consequential continuing damages is not a continuing tort.

188 W.Va. at 677, 425 S.E.2d at 632.

In the present case, it is clear that Hall's Park Motel, Inc., is complaining about the discrete and completed act of Rover Construction, Inc., in constructing the lift station in question. The complaint says: "As a direct and approximate [sic] result of the negligent, careless and reckless construction by the defendants, the plaintiff's motel and real property was severely damaged...." A fair reading of the complaint and the other documents in the case shows that the action, in essence, is founded on a discrete and completed act of negligent commission, not on a continuing negligent act of omission, as was the case in the *Town of Shinnston* case.

■ Because of this, the Court believes that the present case falls within the rule set forth in the *Bethany College* case. The Court also believes that the principles governing a "traumatic injury/latent manifestation" case set forth in *Jones v. Trustees of Bethany College, supra,* should apply in cases involving injury to property, and that where a plaintiff sustains a noticeable injury to property from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be latent damages arising from the same traumatic event. In applying this, the Court believes that in the present case the circuit court properly concluded that the statute of limitations began to run when there was a noticeable traumatic event and the Hall's Park Motel, Inc., realized it had been injured.[3]

The Court notes that Hall's Park Motel, Inc., makes a number of other assignments of error in this case. For instance, it argues that Rover Construction, Inc.'s acts may have constituted an unlawful damage to its right to subjacent support in violation of the West Virginia Coal Mining and Reclamation Act, W.Va.Code § 22A–3–1 *et seq.,* and that the actions by Rover Construction, Inc., and the other defendants constituted an uncompensated taking of its property for public purposes under the principles of eminent domain. It also claims that the sewer lift station constructed by Rover Construction, Inc., may have constituted a temporary nuisance on which the limitations period has not yet run. It argues, in essence, that under any of these scenarios it would not be appropriate to hold that the limitations period had run against it.

It rather clearly appears from the documents filed with this Court that the allegations relating to the violation of the West Virginia Coal Mining and Reclamation Act, to a taking of private property for public purposes, and to the temporary nuisance situa-

tion were not raised or argued by Hall's Park Motel, Inc., before the circuit court.

■ This Court stated, in syllabus point 11 of *Work v. Rogerson,* 149 W.Va. 493, 142 S.E.2d 188 (1965), that:

> In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which have not been decided by the court from which the case has been appealed.

*See also, State ex rel. State Line Sparkler of WV, Ltd. v. Teach,* 187 W.Va. 271, 418 S.E.2d 585 (1992); *Charlton v. Charlton,* 186 W.Va. 670, 413 S.E.2d 911 (1991); *Northwestern Disposal Company, Inc. v. West Virginia Public Service Commission,* 182 W.Va. 423, 388 S.E.2d 297 (1989); and *Randolph v. Koury Corporation,* 173 W.Va. 96, 312 S.E.2d 759 (1984).

Since Hall's Park Motel, Inc., did not raise before the circuit court the issues involving the West Virginia Coal Mining and Reclamation Act, the taking of private property for public purposes, or the potential temporary nuisance problem, and since those issues are nonjurisdictional, this Court believes that under the rule set forth in syllabus point 11 of *Work v. Rogerson, supra,* it is not necessary to discuss them.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, Retired J., and FOX, J., sitting by temporary assignment.

---

**3.** The Court notes that the appellant seeks to bring itself within the rule in the *Town of Shinnston* case by suggesting that the defendant had a duty to correct defective construction. However, in the *Town of Shinnston* case, the Court clearly indicates that to fall within the rule enunciated therein, all elements of the tort must be continu-

ing, including damages. In the instant case, it is apparent from the record that by 1985 Hall's Park Motel, Inc., had been totally and irreparably damaged. Therefore, absent continuing damages, the rule in the *Town of Shinnston* case has no application here.