486 S.E.2d 789

**Dean W. SMITH, Plaintiff Below, Appellant**

v.

**RAVEN HOCKING COAL CORPORATION, an Ohio Corporation; Wampum Hardware Company, a Pennsylvania Corporation; Mack Energy Company, an Ohio Corporation; and Eastern Kentucky Explosives, a Kentucky Corporation, Defendants Below, Appellees.**

No. 23405.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1997.

Decided March 21, 1997.

Rehearing Refused June 5, 1997.

Raymond G. Musgrave, Musgrave & Musgrave, Point Pleasant, for Appellant.

Randall L. Trautwein, Levy, Trautwein & Pancake, Huntington, for Appellee, Raven Hocking Coal Corporation.

J. Tyler Dinsmore, Flaherty, Sensabaugh & Bonasso, Charleston, for Appellee, Wampum Hardware Company.

Barry M. Taylor, Jenkins, Fenstermaker, Krieger, Kayes & Agee, Huntington, for Appellee, Mack Energy Company.

Edward M. Kowal, Jr., Laura Gray, Esq. Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for Appellee, Eastern Kentucky Explosives.

PER CURIAM.

This is an appeal by Dean W. Smith from an order of the Circuit Court of Mason County, granting the appellees in this property damage case summary judgment on the ground that the appellant's action was barred by the statute of limitations. On appeal, the appellant claims that he was subjected to a continuing tort, and that under the principles set forth by this Court, the limitations period on the claim did not start running until shortly before he filed his complaint and that his complaint was timely filed. After reviewing the questions presented and the facts of this case, this Court concludes that the appellant was not subjected to a continuing tort and that the claim was not timely filed. The

judgment of the Circuit Court of Mason County is, therefore, affirmed.

The appellant, Dean W. Smith, owned a dairy farm located in Mason County, West Virginia, near land upon which the appellees, Raven Hocking Coal Corporation, and others, commenced surface mining operations in 1980 or 1981. The mining operations, which were centered approximately a mile or more from the appellant's farmhouse and farming operations, entailed substantial blasting, and after the mining operations and blasting commenced, the appellant noticed property damage which he attributed to the blasting. For instance, in 1983 or 1984, he observed that his farmhouse was damaged; by January 1, 1987, cracks were apparent in an outbuilding on the farm property; and by December 1986 he detected what he believed was blasting damage to water pipes. By January 1987 he concluded that he had indirectly lost cattle as a result of lack of hydration attributable to leaks in his water pipes, and he was aware that he was suffering financial losses which he attributed to the blasting. On October 23, 1989, the appellant instituted the present proceedings by filing a complaint seeking damages for the injuries caused by the blasting.

Although this case was instituted in 1989, its development was delayed because the appellant filed for bankruptcy protection in 1990. After the bankruptcy stay was lifted, development of the case proceeded, and the appellees, who were defendants below, filed motions for summary judgment in which they asserted that the appellant's claim was not timely filed. After the motions for summary judgment were briefed and argued, the circuit court on October 13, 1995, concluded that the documents in the case clearly showed that at least by January 1, 1987, the appellant knew that blasting was occurring near his property and that it was having an adverse effect upon him. The court further found that the appellant did not file his initial complaint until October 23, 1989, more than two years after he clearly knew that blasting was occurring and damaging his property. The Court concluded that because of these facts, and because of the two-year statue of limitations contained in West Virginia Code

§ 55–2–12, the action was barred by the statute of limitation. The court accordingly granted the motions for summary judgment.

On appeal, the appellant claims that the Circuit Court erred in granting summary judgment. He argues that the appellees' blasting operations constituted a "continuing tort" and that under the rules set forth in *Handley v. Town of Shinnston,* 169 W.Va. 617, 289 S.E.2d 201 (1982), his action was not barred by the statute of limitations.

■ Before addressing the limitation problem the Court notes that in *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), the circumstances under which a grant of summary judgment was appropriate were examined. In syllabus point 3 the Court stated:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

■ In the present case the parties apparently do not dispute the fact that the two-year limitation period established by W.Va. Code § 55–2–12 for tort actions resulting in damage to property is the appropriate limitation period. The real question presented is when the two-year limitation period began to run in the present action.

■ As a general proposition the limitations period in any action commences running from the date of injury or, where the injury is not apparent, from the date the plaintiff knows or reasonably should know of his claim. *See, Gaither v. City Hospital, Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (W.Va. 1997); *Hall's Park Motel, Inc. v. Rover Construction, Inc.,* 194 W.Va. 309, 460 S.E.2d 444 (1995), *State ex rel. Ashworth v. State Road Commission,* 147 W.Va. 430, 128 S.E.2d 471 (1962); and *Boyd v. Beebe,* 64 W.Va. 216, 61 S.E. 304 (1908).

■ As indicated in *Hall's Park Motel, Inc. v. Rover Construction, Inc., supra,* there are a number of situations which affect the application of this general rule. The first

situation, which is the classic "continuing tort" situation, is discussed in *Handley v. Town of Shinnston, supra.* It involves both an on-going tortious act and noticeable injury which persist and worsen over a period of time. In the *Handley* case, a case where the Town of Shinnston failed to repair a leaking water pipe, and both the tortious act, the failure to repair, and the injury were ongoing, the Court stated:

> In this case it is clear that the damage did not occur all at once but increased as time progressed; each injury being a new wrong. "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from the date of the last injury, or when the tortious overt acts cease." 54 C.J.S. Limitations of Actions § 169 (1948); *See generally, West Virginia Human Rights Commission v. United Transp.,* 167 W.Va. 282, 280 S.E.2d 653 (1981); *Pickens v. Coal River Boom & Timber Co.,* 58 W.Va. 11, 50 S.E. 872 (1905).

*Handley v. Town of Shinnston, Id.* at 619, 289 S.E.2d at 202.

The second special situation affecting the application of the general rule that the limitations period begins to run from the date of injury was discussed in *Jones v. Trustees of Bethany College,* 177 W.Va. 168, 351 S.E.2d 183 (1986). In that situation, within a brief discrete period of time, all the elements of the tort occur or manifest themselves, and the plaintiff suffers a noticeable injury, but for a substantial period thereafter the plaintiff sustains a worsening of his damages. In that situation the Court has indicated that the limitation period begins to run when the tort is completed and the plaintiff discovers or reasonably should discover that he has suffered some damage from the tortious act. The fact that the damage may be on-going and may worsen later does not alter when the limitation period begins to run. *Jones v. Trustees of Bethany College, Id.*

In *Hall's Park Motel, Inc. v. Rover Construction, Inc., supra,* the Court distinguished the situation presented in *Handley v. Town of Shinnston, supra,* from the situation in *Jones v. Trustees of Bethany College, supra.* The Court said:

Clearly, there is a fundamental factual difference between the *Bethany College* case and the *Town of Shinnston* case. In the *Bethany College* case, the breach of duty (negligent operation of a motor vehicle resulting in a collision) was completed and had ceased, but the damage was ongoing; in the *Town of Shinnston* case, the breach of duty (failure to repair a water transmission line) was itself ongoing, as was the resulting damage.

*Hall's Park Motel, Inc. v. Rover Construction, Inc.,* 194 W.Va. at 313, 460 S.E.2d at 448.

In *DeRocchis v. Matlack, Inc.,* 194 W.Va. 417, 460 S.E.2d 663 (1995), the Court dealt further with the issue of when the limitation period began to run in a progressive tort situation. The DeRocchis' case involved a number of traumatic events which were somewhat similar in nature. The appellant claimed that they constituted a continuing tort or a continuing cause of action under the rule set forth in *Handley v. Town of Shinnston, supra.* The appellee took the position that they were separate torts. The Court disagreed and concluded that they were separate torts. In note 4 of *DeRocchis* the Court explained:

> The Court conceives a "continuing cause of action" as being a situation where events, which for all practical purposes are identical, occur repeatedly, at short intervals, in a consistent, connected, rhythmic manner."

The DeRocchis' case involved a number of chemical spills. Although the spills were of like, if not identical nature, each spill occurred independently of the others and was concluded before the others occurred. The spills were separated by noticeable time intervals and did not occur in a consistent, connected, rhythmic manner. Because of all this, this Court concluded that the spills were independent causes, rather than a continuing cause of action, and the Court concluded that a separate limitation period began to run at the conclusion of each spill.

In syllabus point 3 of *DeRocchis v. Matlack, Inc., Id.,* the Court stated:

When, in the course of employment, a person receives a number of similar, but separate, injuries, each injury gives rise to a separate and distinct cause of action. Further, the statute of limitations for each cause of action begins to run from the date of the injury giving rise thereto, without regard to any previous injury or injuries.

In the present case, what is presented to the Court suggests that the explosions which give rise to the appellant's cause of action occurred as discrete events. Although the explosions were of like nature, each apparently occurred independently of the others, and each was apparently concluded before the others occurred. There is no evidence that they occurred in a consistent, connected rhythmic manner. In fact, Dr. George A. Hall, an expert for the appellant in this case, in a deposition, acknowledged that "each one of those blasts ... [was] a separate quantifiable or separate cause of the damage ..."

In view of the circumstances the Court believes that the torts involved in the present case were of the *DeRocchis* type, in that they were similar, but separate, and the Court believes that the principles set forth in *DeRocchis v. Matlack, Inc., supra,* should control here. Further, as indicated in syllabus point 3 of *DeRocchis* "the statute of limitations for each cause of action begins to run from the date of the injury giving rise thereto, without regard to any previous injury or injuries."

It appears to this Court that the circuit court properly applied the *DeRocchis* rule in this case, for the circuit court said:

This Court finds that the blasting and explosions complained of herein were separate, identifiable events and thus each blast constituted a separate cause of action. The plaintiff in this case received a number of similar, but separate injuries, each injury giving rise to a separate and distinct cause of action. Further, the statute of limitation for each cause of action began to run from the date of the injury giving rise thereto, without regard to any previous injury or injuries. This ruling is consistent with the law of West Virginia as set forth in syllabus point 3 of the *DeRocchis* case, supra.

For the reasons stated, the judgment of the Circuit Court of Mason County is affirmed.

Affirmed.