412 S.E.2d 782

**Frank H. COFFMAN, II, and Carol S. Coffman, Appellants,**

**v.**

**Fred H. SHAFER, Appellee.**

**No. 19878.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Dec. 18, 1991.

Douglas B. Hunt, J.C. Powell, Charleston, for appellants.

Jack O. Friedman, Charleston, for appellee.

PER CURIAM:

Frank H. Coffman, II and Carol S. Coffman appeal the dismissal of their complaint as barred by the statutes of limitation. Mr. and Mrs. Coffman's complaint, filed on November 9, 1988, alleges that Fred H. Shafer, the developer of the Beech Road and Honeysuckle Road subdivision located near Elkview, Kanawha County where Mr. and Mrs. Coffman purchased a lot in 1978 (the subdivision), has failed to provide either an adequate water system or an adequate road system and has breached the restrictive covenants by permitting trailers to be placed in the subdivision. Mr. Shafer filed a motion for summary judgment alleg-

ing that Mr. and Mrs. Coffman's complaint was barred by the applicable statutes of limitation. The Circuit Court of Kanawha County found that Mr. and Mrs. Coffman's complaint was based upon oral and written contracts and, therefore, was barred by the applicable statutes of limitation. We find that summary judgment should not have been granted because there are genuine issues of material fact, and, therefore, we reverse the circuit court and remand the case for further proceedings.

In 1978, Mr. and Mrs. Coffman, who had been renting a trailer from Mr. Shafer, purchased the lot next to their rented trailer from Mr. Shafer for $6,000. The deed contains restrictive covenants prohibiting trailers or mobile homes in the subdivision and requiring the subdivision's residences to cost not less than $20,000.[1] Mr. Shafer supplied water to Mr. and Mrs. Coffman's trailer by extending his own water line. After Mr. and Mrs. Coffman built their home, Mr. Shafer continued to supply water by extending his own water line. As other persons moved into the subdivision, Mr. Shafer also supplied them with water from his own line and billed each household for the water consumed.

When Mr. and Mrs. Coffman purchased their lot, the subdivision road was gravel. In 1987, Mr. Shafer sought approval of the subdivision from the Kanawha County Planning Commission and in 1988 some of the road was paved.[2]

In 1988, Mr. and Mrs. Coffman and other subdivision residents filed a formal complaint with the West Virginia Public Service Commission. A hearing was held on April 17, 1989 and the Public Service Commission staff recommended that Mr. Shafer be ordered to stop acting as a public utility and that each lot owner bear the cost of connecting to the West Virginia American Water Company. As of December 10, 1991, there was no final ruling from the Administrative Law Judge for the Public Service Commission.

On November 9, 1988, Mr. and Mrs. Coffman filed a complaint alleging that Mr. Shafer had failed to provide an adequate water system or adequate road system and had violated the restrictive covenants. Mr. Shafer's motion for summary judgment alleges that: (1) the Coffmans' water system complaints are based on an oral promise made in 1978, on which the five year statute of limitation has run; (2) the Coffmans' road system complaints are unjustified because they were based on a violation of county subdivision regulations which existed when the property was purchased; and (3) the Coffmans' restrictive covenant complaints are based on a written contract, on which the ten year statute of limitation has run. By order dated October 3, 1989, the circuit court found that the complaint was barred by the applicable five and ten year statutes of limitation, granted Mr. Shafer's motion for summary judgment and dismissed the complaint.

On appeal, Mr. and Mrs. Coffman maintain: (1) because their water system allegations are based on a continuous injury, the five year statute of limitation has not expired; (2) because of the continuous violation of the county subdivision rules requiring paved subdivision roads, the five year statute of limitation has not expired; and (3) because the right to sue under the restrictive covenants did not accrue until 1981 when Mr. Shafer allowed a new trailer in the subdivision, the ten year statute of limitation for written contracts has not ex-

1. The date of the Coffmans' deed is not clear from the record and the deed is not included in the record. Mr. and Mrs. Coffman's brief says that the purchase occurred on July 7, 1978 and Mr. Shafer's brief says that the purchase occurred on June 7, 1978 or September 22, 1978. Both parties agree that the deed does contain restrictive covenants. The parties disagree on whether the restrictive covenants apply to any other property in the subdivision and the record does not contain deeds for any other subdivision property.

2. Mr. and Mrs. Coffman allege that Mr. Shafer in attempting to secure the approval of the Planning Commission submitted an affidavit stating that the subdivision was served by a public water supply and a map showing a 35 foot right-of-way, when Mr. Shafer was supplying the water and there was only a 30 foot right-of-way. The record does not provide any material from the Planning Commission.

pired. Based on the information in the record, we find that the circuit court's order holding that Mr. and Mrs. Coffman's complaint is barred by the applicable statutes of limitation is not justified. Therefore, we reverse the circuit court and remand the case for further proceedings.

## I

The question to be decided in reviewing a summary judgment order is whether a genuine issue as to any material fact exists.[3] As this Court said in Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

In determining on review whether there is a genuine issue of material fact between the parties, this Court will construe the facts "in a light most favorable to the losing party." *Masinter v. WEBCO Co.*, 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980). Because summary judgment fore-closes trial on the merits, this Court does not favor the use of summary judgment where factual development is necessary to clarify application of the law. *Lengyel v. Lint*, 167 W.Va. 272, 281, 280 S.E.2d 66, 71 (1981).

Because Mr. and Mrs. Coffman's complaint alleges that Mr. Shafer, the developer of their subdivision, failed in three areas, we next examine each of the areas to see if the dismissal of that part of the complaint is justified by the applicable statute of limitation.[4]

## A

The major allegations of Mr. and Mrs. Coffman's complaint concern Mr. Shafer's failure to develop an adequate water system for the subdivision. Mr. and Mrs. Coffman maintain that the lack of an adequate water system resulted in repeated or continuous damages because new subdivision residents were added to Mr. Shafer's private water line and each addition further burdened the inadequate system. Based on the repeated injury of each addition, Mr. and Mrs. Coffman maintain that the statute of limitations begins to run from the date of the last injury, the last

---

**3.** Rule 56(c) of the *West Virginia Rules of Civil Procedure* provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

**4.** *W.Va.Code*, 55-2-6 [1923], the statute of limitation for an action based on a contract, provides:

> Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not

under seal, within ten years; and if it be upon any other contract, express or implied, within five years, unless it be an action by one party against his copartner for a settlement of the partnership accounts, or upon accounts concerning the trade or merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the expiration of five years from a cessation of the dealings in which they are interested together, but not after.

*W.Va.Code*, 55-2-12 [1959], the statute of limitation for an action based on a personal action, provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

addition to the system, rather than from 1978, the date of the purchase of their property.

We have recognized that the statute of limitations begins to run with the last date of injury where a continuous or repeated injury occurs. In *Greer Limestone Co. v. Nestor,* 175 W.Va. 289, 332 S.E.2d 589 (1985), we held that partial payments on an open account, tolled the statute of limitation for a creditor's action. In *Handley v. Town of Shinnston,* 169 W.Va. 617, 289 S.E.2d 201, 202 (1982), we found that the damage from a water leak "did not occur all at once but increased as time progressed; each injury being a new wrong." *See also Hoover–Dimeling Lumber Co. v. Neill,* 77 W.Va. 470, 87 S.E. 855 (1916) (discussing actions that imply promises to pay an account).

In addition to maintaining that each new addition was a new injury, Mr. and Mrs. Coffman maintain that each attempt by Mr. Shafer to update or maintain the water system implied a new promise to provide adequate water. The record indicates that Mr. Shafer installed water lines, individual meters and a pump to provide water to the subdivision. Mr. Shafer also billed the subdivision households monthly and, if payment was not received, cut off service.

Mr. Shafer maintains that the Coffmans' allegations concerning the water system are based on an oral promise he allegedly made in 1978 when the Coffmans purchased their property. Because the water system section of the complaint is based on an oral promise, Mr. Shafer alleges that the action is barred by the five-year statute of limitations.

We find that there is a genuine issue of material fact between the parties concerning when the injury occurred that triggered the running of the statute of limitation. In addition, we cannot determine when the injury occurred because of the lack of information concerning the following: (1) whether the addition of new subdivision households was a new injury; or (2) whether Mr. Shafer's maintenance of or updates to the water system were new implied promises to provide an adequate water system; and (3) when the various acts at issue in this case occurred.

**B**

■ Mr. and Mrs. Coffman allege that the part of their complaint concerning the subdivision's road system is based on Mr. Shafer's violation of the Kanawha County Planning Commission's regulation that requires a paved 35 foot right-of-way for subdivision roads.[5] The Coffmans maintain that they have a cause of action for damages under *W.Va.Code,* 55–7–9 [1923], which provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

Mr. Shafer maintains that because the alleged violation existed when the Coffmans purchased their property, this part of the complaint is barred under *W.Va.Code,* 55–2–12 [1959], *see infra* note 4, which establishes a two year statute of limitation for an action because of damages to property.

Mr. Shafer also notes that *Jenkins v. J.C. Penney Casualty Insurance Co.,* 167 W.Va. 597, 280 S.E.2d 252 (1981), requires that a direct action based on a statutory claim be delayed pending the resolution of the underlying suit. Mr. Shafer maintains that the matter is still pending before the Planning Commission.[6]

Again we find a genuine issue of material fact is disputed by the parties and that the record is insufficient to justify the award of summary judgment for this section of the complaint. We cannot deter-

---

5. The record does not include the regulation or any other material from the Planning Commission.

6. Mr. Shafer also maintains that *Jenkins, supra,* requires delaying the water system section of the suit until the Public Service Commission has reached a decision.

mine if the matter is still pending before the Planning Commission or, what action, if any, has occurred. The record is simply insufficient.

## C

█ Finally, Mr. and Mrs. Coffman maintain that their claims concerning the violations of the restrictive covenants are not barred by the ten year statute of limitation for written contracts, *W. Va. Code*, 55–2–6 [1923], *see infra* note 4, because the first violation of the restrictive covenants occurred in 1981 when Mr. Shafer permitted a new trailer to be placed on the lot next to their house. However, Mr. Shafer alleges that because the trailer the Coffmans had rented was already on the property next to the Coffmans' property, when the Coffmans purchased their property, the statute of limitation for the restrictive covenants began to run when the Coffmans purchased their property. Mr. Shafer also alleges that only the Coffman's property is subject to the restrictive covenants.

Again we find that the record is insufficient to justify the grant of summary judgment dismissing this section of the Coffman's complaint. We noted that the parties disagree concerning when the first violation of the restrictive covenants occurred. The Coffmans maintain that the restrictions applied to future acts and Mr. Shafer maintains that the restrictions applied to the existing conditions. However, no deeds were included in the record and, therefore, we are unable to address the parties disagreement about effect of the restrictive covenants on the subdivision.

Based on the above stated reasons, we reverse the order of the circuit court and remand the case for proceedings consistent with this opinion.

Reversed and remanded.