BAKER, JUDGE:
On May 12, 1989, claimants, husband and wife, brought this action against respondent for failure to properly maintain drains, culverts, and related road structures adjoining and fronting their residence beside U.S. Route 52, claimants contend that water flowed onto their property causing damage thereto.
*2 The critical issue to be addressed is not one of negligence, but whether the claim was timely filed. If claimants waited too long to bring action, the two-year Statute of Limitations, having expired before the filing of the claim, will bar consideration. The Court, under the provisions of W.Va. Code §14-2-21, has no jurisdiction over a claim which is not filed within the time specified by the applicable statute of limitations. Under W.Va. Code §55-2-12, this claim must have been brought within two years from the date of injury. This provision commences the running of the two-year limitation, “after the right to bring same shall have accrued, if it be for damage to property.” The two years began to run upon the date when the damages would have been detected. Damages were known to claimants more than two years prior to the filing of the claim. The claim was filed with this Court May 12, 1989. If the alleged injury of water damage to claimant’s house, sidewalk, and retaining wall was determined to have occurred in 1984, the claim must be dismissed, as the Court lacks jurisdiction to consider a matter so untimely filed.
Claimants aver that although damage was first observed in 1984, the damage was “continuing all the way up until 1987, so as of May 1987, there was still damage.” Claimants argue that W. Va. Code §55-2-12 as interpreted by Handley v. Town of Shinnston, 169 W.Va. 617, 289, S.E.2d 201, “would seem to indicate that where there are continuing damages, that the accrual is the date of last injury which would be the (1987) date of repair,” rather than the earlier (1984) date when damage was first determined. Claimants’ argument of a continuing damage theory until 1987 has not been established by the evidence. Claimant’s own expert witness, John E. Caffrey, stated that he believed that damage was caused by the respondent’s “eighteen inch pipe” at the connection to a twelve inch pipe on claimant’s property. Respondent’s witness, William R. Bennett, an assistant district engineer situate in claimants’ community, testified that repairs to the connection of the two pipes as well as repairs to the eighteen inch pipe under U.S. Route 52 were effected by respondent on or about May 6, 1985. Further maintenance was performed by respondent in May 1987. A fifteen inch culvert was placed within the eighteen inch culvert. Respondent contends that this was done to appease the claimants not because there were problems or leaks from the pipe under U. S. Route 52. It is the opinion of the Court that claimants’ cause of action would have commenced no later than May 1985, and would have expired as of May 1987. The filing in May of 1989 was not within the applicable statute of limitations. Therefore, the Court lacks jurisdiction to hear this claim, and it must be disallowed.
Claim disallowed.