PER CURIAM:
Claimant brought this claim to recover the value of a certain television set that he alleges was lost or stolen while he was in lock-down at Mt. Olive Correctional Center where claimant is an inmate.
The critical issue in this case is whether or not this claim was timely filled. A hearing was conducted by this Court on September 29, 2000, at which time the claimant testified as to the facts and circumstances that gave rise to this claim. Claimant was moved from Stewart Hall to Quilliams, also referred to as being in lock-down, in January 1997. He was released from lock-down in April of 1997, at which time he discovered that his television was missing. In July 1997, claimant was returned to lock down status. Claimant did not file a claim with the Court of Claims during the time period between April 1997 and July 1997. He testified that he was in lock-down from July 1997 until March 2000. Claimant asserts that he was not able to file a claim with the Court of Claims while he was in lock-down.
The Associate Warden of Operations, Tim Whittington, testified that an inmate at Mt. Olive, regardless of which unit of the prison he is held, can request the forms to file a grievance or a claim with the Court of Claims at any time, and that such forms would be provided. Robert Daniel, the unit manager over Mr. Adkins stated that any prisoner in Quilliams may file claims with the Court of Claims. He *308 stated that there is an inmate request form available to all inmates to do so upon request. The request form is sent to Robert Daniel’s office to be copied and filed as proof that said request was made. Mr. Daniel t estified that the claimant did not request any claim forms. The claimant himself testified that he did not request permission to file with the Court of Claims during the period that he was in lock-down from July 1997 through March 2000.
In accordance with the provisions of W. Va. Code §14-2-21, the Court has no jurisdiction over a claim unless the claim is filed within the applicable statute of limitations. Bell vs. Division of Highways, 19 Ct. Cl. 1 (1991). W.Va. Code §55-2-12, is the applicable statute of limitations for a property claim, and provides that this claim should have been brought within two years of the date that claimant discovered the property loss. However, W. Va. Code §55-2-15 provides that if a person is under a disability which prevented him from filing any action, then the statute of limitations is tolled until the disability is removed. Glover vs. Narick, 184 W. Va. 381, 400 S.E.2d 699 (1994).
The evidence in this claim establishes that claimant did not file his action within the appropriate two year limitation. Claimant discovered that his television was missing in April 1997, but he did not file the claim herein until March 21, 2000. The evidence fiirther establishes that claimant was not under any disability which would extend the period of time beyond two years as he was not prohibited from filing a claim while he was in lock-down in Quilliams. Furthermore, claimant did not request any claim forms or request permission to file with the Court of Claims. Claimant’s only request was that someone look for his television.
Accordingly, the Court is of the opinion that the filing of the claim herein by the claimant in March 2000 was not within the applicable statute of limitations. The Court, lacking jurisdiction in this matter, is required to and does disallow this claim.
Claim disallowed.